700 N.E.2d 992 (1998)
183 Ill.2d 298
233 Ill.Dec. 284
The PEOPLE of the State of Illinois, Appellee,
v.
Melky TERRY, Appellant.
No. 84156.
Supreme Court of Illinois.
June 18, 1998.
Rehearing Denied October 5, 1998.
*993 Kenneth L. Jones, Asst. State Appellate Defender, Chicago, for Melky Terry.
Mari R. Hatzenbuehler, Asst. State's Atty., Chicago, Jim Ryan, Atty. Gen., Criminal Appeals Div., Chicago, for People.
Justice BILANDIC delivered the opinion of the court:
Following a 1987 jury trial in the circuit court of Cook County, defendant Melky Terry was convicted of one count of first degree murder and one count of voluntary manslaughter, arising out of the 1985 deaths of Grace and John Marcatante. Defendant was sentenced to natural life imprisonment on the murder conviction, and was given an extended-term sentence of 30 years' imprisonment on the voluntary manslaughter conviction. Defendant's convictions and sentences were affirmed by the appellate court on direct appeal. No. 1-87-1226 (unpublished order under Supreme Court Rule 23). This court denied defendant's petition for leave to appeal.
In October 1993, defendant filed a pro se petition for post-conviction relief in the circuit court. The circuit court appointed a public defender to represent defendant. The State moved to dismiss the post-conviction petition on the ground that it was not timely filed. The circuit court granted the State's motion. Defendant's motion for reconsideration was denied.
On appeal to the appellate court, defendant argued that the circuit court erred in dismissing his post-conviction petition on timeliness grounds because his post-conviction counsel failed to comply with Supreme Court Rule 651(c) (134 Ill.2d R. 651(c)). The appellate court rejected defendant's argument that Rule 651(c) required a remand in this case. No. 1-95-3594 (unpublished order under supreme Court Rule 23). Defendant also contended on appeal that his extended-term sentence for voluntary manslaughter was void because it violated section 5-8-2 of the Unified Code of Corrections (Ill.Rev.Stat.1985, ch. 38, par. 1005-8-2(a)). The appellate court did not address this argument because it determined that, even if the sentence violated section 5-8-2, the sentence was merely voidable, not void, and was therefore not subject to attack in this collateral proceeding. In so holding, the appellate court declined to follow this court's decision in People v. Arna, 168 Ill.2d 107, 212 Ill.Dec. 963, 658 N.E.2d 445 (1995).
We accepted defendant's petition for leave to appeal. 166 Ill.2d R. 315. In this court, the parties have addressed only the issue of whether defendant's extended-term sentence for voluntary manslaughter was authorized by section 5-8-2. No argument is made regarding the timeliness of defendant's post-conviction petition and we therefore do not address that issue.

ANALYSIS
Defendant argues that his extended-term sentence for voluntary manslaughter is void because it violates section 5-8-2 of the Unified Code of Corrections (Ill.Rev.Stat.1985, ch. 38, par. 1005-8-2(a), now 730 ILCS 5/5-8-2(a) (West 1996)). Section 5-8-1 of the Code of Corrections sets forth the authorized sentences of imprisonment for felony offenses. Ill.Rev.Stat.1985, ch. 38, par. 1005-8-1, now 730 ILCS 5/5-8-1 (West 1996). Section 5-8-2 authorizes a trial court to impose an extended term of imprisonment for a felony conviction where certain circumstances *994 are present. At the time defendant committed his offenses in this case, section 5-8-2(a) provided, in pertinent part:
"A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5-8-1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5-5-3.2 were found to be present. Where the judge finds that such factors were present, he may sentence an offender to the following." (Emphasis added.) Ill.Rev.Stat.1985, ch. 38, par. 1005-8-2(a).
In section 5-5-3.2(b), the Code lists a number of aggravating factors which may be considered by a trial court as reasons to impose an extended-term sentence under section 5-8-2. Ill.Rev.Stat.1985, ch. 38, par. 1005-5-3.2, now 730 ILCS 5/5-5-3.2 (West 1996).
Defendant argues that section 5-8-2 did not authorize the trial court to impose an extended-term sentence for his voluntary manslaughter conviction. Defendant relies primarily on this court's holding in People v. Jordan, 103 Ill.2d 192, 82 Ill.Dec. 925, 469 N.E.2d 569 (1984). In Jordan, the defendant was convicted of murder and kidnapping and sentenced to extended-term sentences of imprisonment under section 5-8-2 for each offense. On appeal, the defendant argued that the extended-term sentence for kidnapping, the less serious offense, was improper because section 5-8-2 permitted an extended-term sentence to be imposed only for the most serious class of offense of which the offender was convicted. This court agreed with the defendant that the extended-term sentence for kidnapping was not authorized by section 5-8-2. The court held that, under the plain language of section 5-8-2, an extended-term sentence may be imposed only for the most serious class of offense of which the defendant was convicted. Jordan, 103 Ill.2d at 204-06, 82 Ill.Dec. 925, 469 N.E.2d 569.
In this case, defendant contends that Jordan requires vacatur of his extended-term sentence for voluntary manslaughter because he was also convicted of murder, a more serious class of offense. Defendant's contention has been expressly rejected by this court. In People v. Young, 124 Ill.2d 147, 124 Ill.Dec. 516, 529 N.E.2d 497 (1988), the defendant was convicted of murder and armed robbery and was sentenced to natural life imprisonment for the murder and an extended 60-year term of imprisonment for the armed robbery. Relying on Jordan, the defendant in Young argued that the extended-term sentence for armed robhery violated section 5-8-2 because it was not the most serious offense of which the defendant was convicted.
The Young court held that the defendant's extended-term sentence for armed robbery was proper under the statute. In so holding, the court relied on its prior decision in People v. Neal, 111 Ill.2d 180, 95 Ill.Dec. 283, 489 N.E.2d 845 (1985). In Neal, the court upheld the imposition of an extended-term sentence for the defendant's armed robbery conviction even though the defendant had also been convicted of murder for which he had been given the death penalty. The Neal court reasoned that section 5-8-2 applied to extend the "terms of imprisonment" authorized by section 5-8-1. Section 5-8-2 therefore could not apply to capital sentences and would not apply to the defendant's murder conviction in that case. Consequently, the court determined, section 5-8-2 could be applied to extend the defendant's sentence for the next most serious offense of which he was convicted, armed robbery. The court held that section 5-8-2 allowed the imposition of an extended-term sentence "for the class of the most serious offense of which the defendant was convicted when defendant was sentenced to a term of years." Neal, 111 Ill.2d at 204-05, 95 Ill.Dec. 283, 489 N.E.2d 845.
In Young, this court determined that the rationale of Neal was also applicable where a defendant was convicted of murder and sentenced to natural life imprisonment. The court concluded that, just as the extended-term sentencing provisions of section 5-8-2 could not "extend" a death sentence, those provisions also could not "extend" a sentence of natural life imprisonment. The Young court focused on the fact that the extended-term *995 provisions of section 5-8-2 authorized imposition of a sentence "in excess of the maximum sentence authorized by Section 5-8-1." Ill.Rev.Stat.1981, ch. 38, par. 1005-8-2(a). Section 5-8-1(a)(1) set forth the noncapital sentencing options for first degree murder. Under section 5-8-1(a)(1)(a), a defendant convicted of murder could be sentenced to a fixed term of 20 to 40 (now 20 to 60) years' imprisonment. Ill.Rev.Stat.1981, ch. 38, par. 1005-8-1(a)(1)(a). Under subsections (b) or (c) of that section, a defendant convicted of murder could be sentenced to natural life imprisonment, a sentence which precluded the possibility of parole. Ill.Rev. Stat.1981, ch. 38, pars. 1005-8-1(1)(b), (a)(1)(c). The court determined that, where a defendant is sentenced to natural life imprisonment for murder under subsections (b) or (c), the authorization in section 5-8-2 to impose an extended-term sentence "in excess of the maximum sentence authorized by section 5-8-1" could not apply because the authorized extended-term sentence for murder, 40 to 80 (now 60 to 100) years, was less severe than natural life imprisonment. Thus, the court held, a sentence of natural life imprisonment could not be "extended" pursuant to section 5-8-2. Rather, the extended-term provision could only apply to a murder conviction for which the defendant was sentenced to a term of years pursuant to section 5-8-1(a)(1)(a). Only when a defendant convicted of murder is sentenced to a term of years could section 5-8-2 operate to impose a sentence "in excess of the maximum sentence authorized by section 5-8-1."Accordingly, because the extended-term sentencing provisions could not apply to the defendant's natural life sentence for murder, the extended-term provisions could properly be applied to the next most serious offense of which the defendant was convicted, armed robbery. Young, 124 Ill.2d at 165-66, 124 Ill.Dec. 516, 529 N.E.2d 497.
The State asserts that Young, having addressed the identical issue, is dispositive of this appeal. Defendant contends, however, that both Young and Neal were implicitly overruled by this court in People v. Henderson, 142 Ill.2d 258, 154 Ill.Dec. 785, 568 N.E.2d 1234 (1990). In Henderson, the defendant was convicted of murder, aggravated criminal sexual assault and aggravated kidnapping. He was sentenced to death for the murder conviction and was also given an extended-term sentence of 45 years' imprisonment for the aggravated criminal sexual assault conviction. One of the issues raised by the defendant on his direct appeal to this court was that this extended-term sentence was improper because aggravated criminal sexual assault was not the most serious offense of which he was convicted. The Henderson court agreed, finding that, because murder was the most serious offense of which the defendant was convicted, the sentencing judge erred in imposing an extended-term sentence for aggravated criminal sexual assault. Henderson, 142 Ill.2d at 333, 154 Ill.Dec. 785, 568 N.E.2d 1234. Defendant urges us to follow Henderson in this case and hold that his extended-term sentence for voluntary manslaughter was not statutorily authorized.
We agree with the State that this issue was correctly decided in Young and Neal. In both Young and Neal, the court extensively analyzed the issue of whether an extended-term sentence was permissible for a less serious class of offense when the defendant was also convicted of murder and sentenced to death or natural life. In particular, in Young, the court conducted an extended analysis of section 5-8-2 to conclude that it permitted an extended-term sentence to be imposed where a defendant was also sentenced to natural life for murder. In contrast, the decision in Henderson did not conduct any analysis of this issue. Moreover, the Henderson decision did not cite to Young or Neal and did not express an intent to overrule those decisions. Notably, defendant here does not provide us with any argument as to why the Henderson result is better reasoned than the result reached in Young and Neal. We find that the holdings of Young and Neal on this issue represent the better reasoned approach. These holdings make the logical distinction between a sentence of a term of years for murder, which is subject to application of the extended-term provisions of section 5-8-2, and a sentence of death or natural life for murder, which are not subject to application of section 5-8-2. As *996 those decisions concluded, since a sentence of death or natural life cannot be "extended" under section 5-8-2, the extended-term statute should be interpreted as applicable to the next most serious offense of which the defendant was convicted. We therefore continue to adhere to this court's decisions on this issue in Young and Neal. We hold that section 5-8-2 authorizes a trial court to impose an extended-term sentence for voluntary manslaughter where the defendant is also sentenced to natural life for murder.
In light of our holding that defendant's extended-term sentence for voluntary manslaughter was statutorily authorized, we do not address whether, under our decision in People v. Arna, 168 Ill.2d 107, 212 Ill.Dec. 963, 658 N.E.2d 445 (1995), that sentence was void or voidable.

CONCLUSION
For the foregoing reasons, the judgment of the appellate court affirming the judgment of the circuit court dismissing defendant's post-conviction petition is affirmed.
Appellate court judgment affirmed.