THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBERT LEE, Defendant-Appellant.

First District (4th Division)   Nos. 1—98—3631, 1—99—2203 cons.

Opinion filed December 14, 2000.

Michael J. Pelletier and Manuel Serritos, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James Fitzgerald, and James Jennings, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HOFFMAN delivered the opinion of the court:

Following a jury trial, the defendant, Albert Lee, was found guilty of first degree murder and armed robbery and sentenced to concurrent prison terms of natural life for murder and 50 years for armed robbery. He filed the instant timely appeal, arguing that the natural life sentence is excessive. During the pendency of this appeal, the United States Supreme Court issued its decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The defendant subsequently filed a supplemental brief in which he argues, in reliance on *Apprendi*, that we must vacate his natural life sentence and remand for resentencing. For the reasons that follow, we affirm the defendant's convictions, vacate both sentences, and remand for resentencing.

The evidence at trial[1] established that, on November 7, 1992, the defendant was employed as a security guard in a building located on

---

[1]This was the defendant's second trial. On appeal following his first trial, this court reversed the defendant's convictions and remanded for a new trial,

jeweler's row in downtown Chicago. The victim, Phillip Landay, was a tenant in the building. The defendant went to the victim's store intending to rob him. After the victim let the defendant into the store, the defendant wrapped duct tape around the victim's wrists, ankles, and head. He then took several bags of merchandise from the store. According to the defendant's confession, it then occurred to him that, if the victim lived, he would be able to identify the defendant. He found a pocket knife in the victim's pocket and twice slit the victim's throat. He then shot the victim in the neck with a gun he found in the store. The jury convicted the defendant of both armed robbery and murder. The trial court sentenced the defendant to a term of natural life imprisonment for the offense of murder and an extended-term sentence of 50 years for the offense of armed robbery.

■ Before turning to the merits of the defendant's appeal, we find it necessary to discuss the question of our jurisdiction in this matter, two notices of appeal having been filed. On April 23, 1998, the defendant filed a *pro se* motion to dismiss the indictment. The trial court denied that motion on August 31, 1998. On September 10, 1998, the defendant filed a *pro se* notice of appeal, apparently from the denial of his motion. That appeal was assigned docket number 1—98—3631. Thereafter, the case proceeded to trial. After the defendant's conviction and sentencing and the denial of his motion to reconsider his sentence, defense counsel filed a timely notice of appeal, which was assigned docket number 1—99—2203. On June 8, 2000, this court granted the defendant's motion to consolidate the two appeals. An appeal in a criminal case may not be maintained until a final judgment, namely, a sentence, has been imposed. *People v. Caballero*, 102 Ill. 2d 23, 51, 464 N.E.2d 223 (1984). The trial court order denying the defendant's motion to dismiss the indictment is not a final order. The defendant acknowledged this in his motion to consolidate the two appeals and, in his brief, raises no argument pertaining to the trial court's ruling on the motion to dismiss. Accordingly, we dismiss the appeal docketed as number 1—98—3631 for a lack of jurisdiction.

■ We now turn to the defendant's argument that, based on the United States Supreme Court's recent decision in *Apprendi*, we must vacate his natural life sentence for murder and remand to the trial court for resentencing. His argument amounts to a constitutional attack on section 5—8—1(a)(1)(b) of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/5—8—1(a)(1)(b) (West 1992)). Section 5—8—1(a)(1)(a) of the Code of Corrections provides that the

---

finding that his jury waiver was not voluntary. *People v. Lee*, No. 1—94—3621 (1996) (unpublished order under Supreme Court Rule 23).

sentence for first degree murder shall be not less than 20 years or more than 60 years. 730 ILCS 5/5—8—1(a)(1)(a) (West 1992). Section 5—8—1(a)(1)(b), however, provides:

> "(b) if the court finds that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty or, except as set forth in subsection (a)(1)(c) of this Section, that any of the aggravating factors listed in subsection (b) of Section 9—1 of the Criminal Code of 1961 are present, the court may sentence the defendant to a term of natural life imprisonment[.]" 730 ILCS 5/5—8—1(a)(1)(b) (West 1992).

Section 9—1(b) of the Criminal Code of 1961 (Criminal Code) contains a list of aggravating factors. 720 ILCS 5/9—1(b) (West 1992). The parties agree, however, that the trial court imposed the natural life sentence in this case upon the basis of its finding that the victim's death was exceptionally brutal and heinous, indicative of wanton cruelty.

■ In *Apprendi*, the Supreme Court found to be unconstitutional a New Jersey statute allowing the trial judge to impose an extended-term sentence upon finding, by a preponderance of the evidence, that the defendant, when committing the offense for which he was being sentenced, had acted with a racially biased purpose. *Apprendi*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348. The *Apprendi* court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. In reliance thereon, the defendant contends that section 5—8—1(a)(1)(b) is unconstitutional because it allows a trial judge to impose a sentence beyond the 20- to 60-year statutory range for first degree murder by finding the existence of certain facts that have not been submitted to the jury for proof beyond a reasonable doubt.

■ The State first argues that the defendant has waived this argument because he failed to raise it in his posttrial sentencing motion, as required by section 5—8—1(c) of the Code of Corrections. 730 ILCS 5/5—8—1(c) (West 1998)). See *People v. Reed*, 177 Ill. 2d 389, 393-94, 686 N.E.2d 584 (1997) (defendant must raise sentencing issues in postsentencing motion to preserve issues for review). Challenges to a trial court's statutory authority to impose a particular sentence are not, however, subject to waiver. *People v. Clifton*, 321 Ill. App. 3d 707, 732 (2000). We will, therefore, address the merits of the issue.

■ Our disposition of the instant appeal is controlled by *People v. Joyner*, 317 Ill. App. 3d 93 (2000). In *Joyner*, as here, the defendant

was convicted of first degree murder and sentenced to natural life in prison, pursuant to section 5—8—1(a)(1)(b), based on the trial court's finding that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. There, as here, the defendant argued that section 5—8—1(a)(1)(b) is unconstitutional pursuant to the rule announced in *Apprendi*. The *Joyner* court noted that section 5—8—1(a)(1)(b) authorizes the imposition of a sentence of natural life for the offense of first degree murder, a sentence beyond the maximum statutorily authorized sentence of 60 years in prison, based upon a finding that the murder was exceptionally brutal and heinous without requiring that the brutal and heinous issue be submitted to a jury or proven beyond a reasonable doubt. *Joyner*, 317 Ill. App. 3d at 110. The court concluded that, as such, section 5—8—1(a)(1)(b) violates a defendant's constitutional rights to due process and trial by jury. *Joyner*, 317 Ill. App. 3d at 110.

We agree with the *Joyner* court's conclusion that section 5—8—1(a)(1)(b) is unconstitutional and the reasoning upon which that conclusion is based. We find it necessary, however, to address an argument raised by the State in the instant case but not addressed in *Joyner*. The State maintains that the statutory sentencing range for murder is not 20 to 60 years' imprisonment but, rather, that the range is 20 years' imprisonment up to and including death. As such, the State contends, a sentence of natural life is not an enhanced sentence or one that exceeds the statutory maximum and, accordingly, the rule announced in *Apprendi* does not apply here.

In support of this contention, the State relies on *Walton v. Arizona*, 497 U.S. 639, 111 L. Ed. 2d 511, 110 S. Ct. 3047 (1990), in which the United States Supreme Court rejected a constitutional challenge to an Arizona statute that authorized the trial judge, rather than a jury, to determine the existence or nonexistence of aggravating factors necessary for the imposition of a death sentence for the offense of first degree murder. As the State notes, the majority opinion in *Apprendi* specifically stated that the rule announced therein does not affect the holding in *Walton*. The *Apprendi* majority stated:

"[T]his court has previously considered and rejected the argument that the principles guiding our decision today render invalid state capital sentencing schemes requiring judges, after a jury verdict holding a defendant guilty of a capital crime, to find specific aggravating factors before imposing a sentence of death. *Walton v. Arizona*, 497 U.S. 639, 647-649[, 111 L. Ed. 2d 511, 524-25, 110 S. Ct. 3047, 3053-55] (1990); *id.*, at 709-714 (STEVENS, J., dissenting). For reasons we have explained, the capital cases are not controlling:

'Neither the cases cited, nor any other case, permits a judge to determine the existence of a factor which makes a crime a capital offense. What the cited cases hold is that, once a jury has found the defendant guilty of all the elements of an offense which carries as its maximum penalty the sentence of death, it may be left to the judge to decide whether that maximum penalty, rather than a lesser one, ought to be imposed. . . . The person who is charged with actions that expose him to the death penalty has an absolute entitlement to jury trial on all the elements of the charge.' *Almendarez-Torres*, 523 U.S. [224,] 257, n.2[, 140 L. Ed. 2d 350, 377 n.2, 118 S. Ct. 1219, 1237 n.2] (SCALIA, J., dissenting) (emphasis deleted)." *Apprendi*, 530 U.S. at 496-97, 147 L. Ed. 2d at 459, 120 S. Ct. at 2366.

Relying thereon the State contends that the factors listed in section 5—8—1(a)(1)(b) are merely factors for determining the appropriate sentence within the overall sentencing range of 20 years' imprisonment to death. The State, however, fails to acknowledge the existence of a critical distinction between the statutes at issue in *Walton* and those at issue here. The Arizona statutes pursuant to which the *Walton* defendant was convicted of first degree murder and sentenced to death provided that the sentence for first degree murder is either death or life imprisonment. Ariz. Rev. Stat. §§ 13—1105, 13—703 (1989). Therefore, a sentence of death fell within the statutory sentencing range involved in *Walton*, and the statute in question merely limited the trial court's discretion in selecting a penalty within that range.

■ In contrast, section 5—8—1(a)(1)(a) clearly provides that the sentencing range for first degree murder is 20 to 60 years. 730 ILCS 5—8—1(a)(1)(a) (West 1992). A sentence of natural life in prison can be imposed pursuant to section 5—8—1(a)(1)(b) only if the trial court finds the existence of a certain fact, either that the crime was committed in a particularly brutal and heinous manner indicative of wanton cruelty or that one of the aggravating factors listed in section 9—1(b) of the Criminal Code exists. Accordingly, we find that the State, in proposing that a sentence of natural life in prison falls within the normal sentencing range for murder, "misreads the statutory scheme." *People v. Beachem*, 317 Ill. App. 3d 693, 706 (2000). Under *Apprendi*, a statute which provides for a judicial finding of fact that has the effect of increasing the penalty for an offense beyond the statutorily prescribed maximum is unconstitutional. Section 5—8—1(a)(1)(b) clearly falls within this prohibition. Accordingly, we agree with the defendant that his sentence of natural life in prison cannot stand. We recognize that, in *Joyner*, the court exercised its authority, under

Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), and reduced the defendant's natural life sentence to 60 years, the maximum allowable nonextended sentence for first degree murder. We, however, choose to grant the defendant's request and remand this cause to the trial court for resentencing on the defendant's murder conviction.

■ We are now compelled to address an issue not raised by the defendant. That issue is the propriety of his 50-year extended-term sentence for the offense of armed robbery. Armed robbery is a Class X offense, for which the statutory sentencing range is 6 to 30 years in prison. 720 ILCS 5/18—2 (West 1992); 730 ILCS 5/5—8—1(a)(3) (West 1992). Section 5—8—2 of the Code of Corrections (730 ILCS 5/5—8—2 (West 1992)), however, provides for the imposition of an extended-term sentence of 30 to 60 years for a Class X felony if the trial judge finds the existence of one or more of the aggravating factors set forth in section 5—5—3.2(b) of the Code of Corrections (730 ILCS 5/5—5—3.2(b) (West 1992)). Among the factors listed in section 5—5—3.2(b) are the facts that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty and that the defendant committed an offense against a person 60 years of age or older or against that person's property. 730 ILCS 5/5—5—3.2(b) (West 1992). Although, as noted above, the trial judge found that the conduct which caused the victim's death was exceptionally brutal and heinous, he did not make a finding that the armed robbery was brutal and heinous. The trial judge did, however, find that the victim was 72 years of age.

The defendant has not argued that section 5—8—2 is unconstitutional pursuant to the rule announced in *Apprendi*, and we do not find it necessary to reach that issue. We do, however, find it necessary to vacate the defendant's extended-term 50-year sentence.

Section 5—8—2 allows for the imposition of an extended-term sentence only for offenses within the most serious class of offense of which the defendant is convicted. 730 ILCS 5/5—8—2 (West 1992); *People v. Jordan*, 103 Ill. 2d 192, 203-06, 469 N.E.2d 569 (1984). Accordingly, where a defendant is convicted of two offenses of different classes, the trial court cannot impose an extended-term sentence on the less serious offense; this is true even where the trial court does not impose an extended-term sentence for the more serious offense. See *People v. Rankin*, 297 Ill. App. 3d 818, 823, 697 N.E.2d 1246 (1998). An exception to the general rule exists. The Illinois Supreme Court has held that, when a defendant is convicted of murder and sentenced to death or to life imprisonment, the trial court is authorized to impose an extended-term sentence for offenses falling within the next most serious class of offense of which the defendant is convicted. *People v. Terry*, 183 Ill. 2d 298, 301-05, 700 N.E.2d 992 (1998). This is because

sentences of death or natural life in prison cannot be extended pursuant to section 5—8—2. Where, however, a defendant is sentenced to a term of years for murder, the defendant cannot be sentenced to an extended-term sentence for any less serious offenses. *Terry*, 183 Ill. 2d at 301-05.

The defendant was convicted of first degree murder, which comprises its own class of offense (730 ILCS 5/5—8—1 (West 1992); *People v. Murray*, 312 Ill. App. 3d 685, 694, 728 N.E.2d 512 (2000)), and armed robbery, which is a Class X felony (720 ILCS 5/18—2 (West 1992)). He was originally sentenced to natural life in prison, a sentence that would not have precluded the imposition of an extended-term sentence for the offense of armed robbery under the rule stated above. We have, however, vacated the defendant's natural life sentence and are remanding to the trial court for resentencing as to that offense. Furthermore, as we have declared section 5—8—4(a)(1)(b), pursuant to which the natural life sentence was imposed, to be unconstitutional, the defendant's sentence upon remand must be for a term of years. Accordingly, the defendant's extended-term sentence for the offense of armed robbery cannot stand. We, therefore, vacate the defendant's 50-year sentence for the offense of armed robbery and remand to the trial court for resentencing.

For the foregoing reasons, we affirm the defendant's convictions for first degree murder and armed robbery, vacate his respective sentences of natural life and 50 years' imprisonment for those offenses, and remand to the trial court for resentencing.

No. 1—98—3631, Appeal dismissed.
No. 1—99—2203, Affirmed in part, vacated in part, and remanded.

HARTMAN, P.J., and BARTH, J., concur.