764 N.E.2d 1135 (2002)
327 Ill. App.3d 1027
262 Ill.Dec. 18
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Ebony REYNOLDS, Defendant-Appellant.
No. 1-00-0747.
Appellate Court of Illinois, First District, Fifth Division.
February 8, 2002.
Richard A. Devine, State's Attorney of Cook County, Chicago (Renee Goldfarb, Alan J. Spellberg, Susan M. Caraher, of counsel), for Appellee.
Rita A. Fry, Public Defender of Cook County, Chicago (James H. Reddy, of counsel), for Appellant.
Justice GREIMAN delivered the opinion of the court:
The State charged Ebony Reynolds, the defendant, with first degree murder but did not seek the death penalty. The defendant exercised his right to have his case heard before a jury, which found him guilty. However, the jury was not instructed on and did not find the defendant eligible for the death penalty. Consequently, as no death penalty hearing was held, the defendant never waived his right to a jury as to his eligibility for the death penalty. At defendant's sentencing hearing, the court found that under section 9-1(b)(5) of the Criminal Code of 1961 (the Code) (720 ILCS 5/9-1(b)(5) (West 1998)), the defendant had contracted to kill an individual for money, which is an aggravated factor for sentencing. The court also found that under section 9-1(b)(11) of the Code (720 ILCS 5/9-1(b)(11) (West 1998)), the defendant committed the murder in a cold, calculated manner pursuant to a preconceived plan to take a life by unlawful means, which is also an aggravated factor for sentencing. Thereafter, the court sentenced the defendant to natural life in prison. For the reasons that follow, we vacate defendant's life sentence and remand for resentencing.
Defendant's only contention on appeal is that sections 9-1(b)(5) and (b)(11) allow a trial judge, at sentencing, to extend a first degree murder sentence from its normal *1136 range of 20 to 60 years' imprisonment (pursuant to section 5-8-1(a)(1)(a) of the Unified Code of corrections (730 ILCS 5/5-8-1(a)(1)(a) (West 1998))) to natural life imprisonment without submitting the predicate facts to a jury and without finding those facts beyond a reasonable doubt in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The supreme court in People v. Ford, 198 Ill.2d 68, 260 Ill.Dec. 552, 761 N.E.2d 735 (2001), provided a succinct background of Apprendi:
"In Apprendi the United States Supreme Court invalidated New Jersey's hate crime statute, which allowed the sentencing judge to increase the sentence for a particular offense beyond the statutory maximum if the judge found, by a preponderance of the evidence, that the defendant, in committing the offense, acted with a purpose to intimidate an individual or group of individuals on the basis of, inter alia, race. Apprendi 530 U.S. at 468-69, 120 S.Ct. at 2351, 147 L.Ed.2d at 442. In doing so, the Court held that, under the due process clause of the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV), `[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' Apprendi 530 U.S. at 490, 120 S.Ct. at 2362-33, 147 L.Ed.2d at 455." Ford, 198 Ill.2d at 73, 260 Ill.Dec. 552, 761 N.E.2d 735.
Initially, we note that under the statutory scheme in effect at the time of the offense, the sentence imposed against the defendant was legal and proper. Under the 1998 version of section 5-8-1(a)(1)(b) of the Unified Code of Corrections (730 ILCS 5/5-8-1(a)(1)(b) (West 1998)), in instances where a defendant is convicted of first degree murder:
"[I]f the [trial] court finds that * * * any of the aggravating factors listed in subsection (b) of Section 9-1 of the Criminal Code of 1961 [ (720 ILCS 5/9-1(b) (West 1998)) ] are present, the court may sentence the defendant to a term of natural life imprisonment."
In turn, section 9-1 lists a number of aggravating factors that a trial court may use to find a defendant death-eligible if it finds that the crime meets those specific factual circumstances. The first factor used in the present case was under subsection (b)(5), which states that a defendant convicted of first degree murder is death eligible if:
"[T]he defendant committed the murder pursuant to a contract, agreement or understanding by which he was to receive money or anything of value in return for committing the murder or procured another to commit the murder for money or anything of value." 720 ILCS 519-1(b)(5) (West 1998).
The second, alternative factor that the court used was under subsection (b)(11):
"[T]he murder was committed in a cold, calculated and premeditated manner pursuant to a preconceived plan, scheme or design to take a human life by unlawful means, and the conduct of the defendant created a reasonable expectation that the death of a human being would result therefrom." 720 ILCS 5/9-1(b)(11) (West 1998).
Under this sentencing scheme, all that was required of the trial judge to sentence the defendant to life in prison was a finding that any of the aggravated sentencing factors were present. Here, it is uncontested that the trial court explicitly met that requirement when it stated:
"All right. Under * * * section [9-1] * * *, the aggravated factors, I find that Mr. Reynolds had contracted to kill *1137 an individual for money under section [9-1(b)(5)] and also under section [9-1(b)(11)] he qualifies. I will sentence him to natural life."
Accordingly, under the sentencing outlines employed at the time, i.e., pre-Apprendi the defendant was properly sentenced.
Since that time, however, Apprendi verbalized the greater quantum of evidence required to sentence a defendant beyond the normal statutorily prescribed range.[1] By way of example, we note that the majority of this court's decisions have held that Apprendi prohibits a trial court in a noncapital case from imposing a sentence beyond the normal range merely because it finds that the defendant engaged in "exceptionally brutal or heinous behavior" (730 ILCS 5/5-8-2(a)(2), 5-5-3.2(b)(2) (West 2000)), if that aggravating factor is not submitted to a jury and proved beyond a reasonable doubt. See, e.g., People v. Johnson, No. 5-99-0637, ___ Ill.App.3d ___, ___ Ill.Dec. ___, ___ N.E.2d ___, 2001 WL 1298211 (October 23, 2001); People v. Bryant, 325 Ill.App.3d 448, 259 Ill. Dec. 307, 758 N.E.2d 430 (2001); People v. Nitz, 319 Ill.App.3d 949, 968, 254 Ill.Dec. 281, 747 N.E.2d 38 (2001); People v. Chanthaloth, 318 Ill.App.3d 806, 816, 252 Ill. Dec. 887, 743 N.E.2d 1043 (2001). We note that in all of these cases, the different panels of this court found that each of the trial court's subsequent findings that the respective crimes were accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty necessarily and improperly increased the defendant's exposure to greater punishment.
We also note that the majority of this court's decisions have applied this reasoning to first degree murder cases where the death penalty was not sought by the State. See, e.g., People v. Armstrong, 318 Ill. App.3d 607, 619, 252 Ill.Dec. 641, 743 N.E.2d 215 (2000); People v. Kaczmarek, 318 Ill.App.3d 340, 350-51, 251 Ill.Dec. 953, 741 N.E.2d 1131 (2000); People v. Albert Lee, 318 Ill.App.3d 417, 423-24, 252 Ill. Dec. 863, 743 N.E.2d 1019 (2000); People v. Michael Lee, 319 Ill.App.3d 289, 307-08, 253 Ill.Dec. 304, 745 N.E.2d 78 (2001). Again, in each of these cases, the different panels of this court found that where an extended term sentence was based solely upon a finding that the crime was "exceptionally brutal and heinous," Apprendi requires that the sentence be vacated and the case remanded for resentencing.
As of the date of this opinion, however, at least two different panels of this court have urged a different analysis. In People v. Vida, 323 Ill.App.3d 554, 256 Ill.Dec. 734, 752 N.E.2d 614 (2001), the court found that in reading sections 5-8-1 and 5-8-2 of the Unified Code of Corrections (730 ILCS 5/5-8-1,2 (West 1998)) together as part of a single sentencing scheme, a finding of exceptional brutality accompanying a given crime does not increase a punishment's range beyond the maximum penalties already imposed by the legislature. Vida, 323 Ill.App.3d at 570, 256 Ill.Dec. 734, 752 N.E.2d 614. Rather, the extended-term penalties are just as relevant and integral in sentencing a defendant as the initial sentencing scheme, i.e., section 5-8-1. Accordingly, it found that the maximum sentence in a first degree murder case is natural life in prison. Vida, 323 Ill.App.3d at 569, 256 Ill.Dec. 734, 752 N.E.2d 614. Given the facts of that case, therefore, the court concluded that because the defendant's 100-year sentence was not beyond *1138 the prescribed statutory maximum, it could not be violative of Apprendi Vida, 323 Ill.App.3d at 572-73, 256 Ill.Dec. 734, 752 N.E.2d 614. See also People v. Rivera, No. 2-98-1662, ___ Ill.App.3d ___, ___ Ill.Dec. ___, ___ N.E.2d ___, 2001 WL 1580919 (December 5, 2001); contra People v. Joyner, 317 Ill.App.3d 93, 250 Ill.Dec. 831, 739 N.E.2d 594 (2000). Rivera agreed with the holding in Vida by concluding:
"A trial court, as the entity vested with the authority to sentence a defendant, should also be vested with the discretion to render upon a defendant a sentence within the range * * * provided by our legislature based upon the offense rather than the extent or nature of the defendant's participation as well as the relevant evidence presented by the parties at trial and at sentencing." Rivera, slip op. at 29.
Because we, like the court in People v. Johnson, No. 5-99-0637, ___ Ill. App.3d at ___, ___ Ill.Dec. ___, ___ N.E.2d ___, slip op. at 6 (October 23, 2001), are not convinced that this approach correctly interprets the constitutional imperative established by Apprendi we decline to follow Vida and Rivera. In short, we simply believe that a defendant's guarantee to a trial by jury entitles that person to have a jury determine all the facts that fix conclusively the maximum sentence the law allows.
Instead, we are convinced by the reasoning employed in a recent string of cases that have addressed this topic in situations where the trial court has conducted a death penalty hearing after the death penalty was sought by the State. In People v. Tye, 323 Ill.App.3d 872, 257 Ill.Dec. 129, 753 N.E.2d 324 (2001), the defendant was found guilty of first degree murder after a bench trial and was sentenced to death by the trial court. Tye, 323 Ill.App.3d at 873, 257 Ill.Dec. 129, 753 N.E.2d 324. The supreme court affirmed, and the defendant then filed a postconviction petition asserting the incompetency of trial counsel. Tye, 323 Ill.App.3d at 873, 257 Ill.Dec. 129, 753 N.E.2d 324. The court denied the petition as to the guilt/innocence phase of the trial, but granted a hearing as to the death sentence phase. Tye, 323 Ill.App.3d at 873, 257 Ill.Dec. 129, 753 N.E.2d 324. The court then granted the defendant a new sentencing hearing. Tye, 323 Ill. App.3d at 877, 257 Ill.Dec. 129, 753 N.E.2d 324. At the new sentencing hearing, defendant waived his right to a jury (Tye, 323 Ill.App.3d at 877, 257 Ill.Dec. 129, 753 N.E.2d 324), and the court found the defendant eligible for death based on the age of the victim and on the brutal and heinous nature of the murder, but sentenced him to life imprisonment. Tye, 323 Ill.App.3d at 877-78, 257 Ill.Dec. 129, 753 N.E.2d 324.
On appeal, the Tye court found no Apprendi violation in sentencing the defendant. It held:
"At both defendant's original sentencing and the new sentencing hearing granted following the filing of his postconviction petition, the State sought the death penalty. At both sentencing hearings, defendant waived his right to have a jury determine his eligibility for the death penalty. At both sentencing hearings, defendant was found eligible for the death penalty based on an aggravating factor in section 9-1 of the Criminal Code of 1961. Ill.Rev.Stat.1983, ch. 38, par. 9-1(b)(7). Specifically, it was found that `the murdered individual was under 12 years of age and the death resulted from exceptionally brutal or heinous behavior indicative of wanton cruelty.' Ill. Rev.Stat.1983, ch. 38, par. 9-1(b)(7). Pursuant to statute, the existence of the above aggravating factor was required to be established by the State beyond a *1139 reasonable doubt. Ill.Rev.Stat.1983, ch. 38, par. 9-1(f). Although defendant was not ultimately sentenced to death upon his resentencing, he had, but waived, the opportunity to have a jury make a determination as to whether the aggravating factor had been established beyond a reasonable doubt, and, following his jury waiver, the circuit court found that the State had proved the aggravating factor necessary for the imposition of any penalty up to and including death beyond a reasonable doubt. Thus, no violation of the rule set forth in Apprendi occurred. Moreover, Apprendi does not apply here because, where defendant's acts made him eligible for the death penalty, the imposed sentence of natural life imprisonment was not beyond the statutorily provided maximum." Tye, 323 Ill. App.3d at 891, 257 Ill.Dec. 129, 753 N.E.2d 324.
As in Tye, the defendant in People v. Pugh, 325 Ill.App.3d 336, 259 Ill.Dec. 196, 758 N.E.2d 319 (2001), waived his right to have a jury determine his eligibility for the death penalty. Pugh, 325 Ill.App.3d at 351, 259 Ill.Dec. 196, 758 N.E.2d 319. Following the defendant's jury waiver, the trial court heard evidence and found that the State had proved the aggravating factor necessary for the imposition of the death penalty. Pugh, 325 Ill.App.3d at 351, 259 Ill.Dec. 196, 758 N.E.2d 319. Thus, the State sought the death penalty and the defendant was found to be eligible for the death penalty beyond a reasonable doubt. Pugh, 325 Ill.App.3d at 352, 259 Ill.Dec. 196, 758 N.E.2d 319. Noting that Apprendi is concerned with the removal from the jury of facts that increase the penalty for a crime beyond the statutory maximum, this court held:
"[W]here a defendant has been found to be eligible for the death penalty based on proof beyond a reasonable doubt, the imposition of any sentence short of death or natural life does not increase the maximum punishment that could be imposed and therefore does not violate Apprendi. In the instant case, the trial court, following a jury waiver and based on proof beyond a reasonable doubt, found an aggravating factor under section 9-1 to exist, thus making defendant eligible for the death penalty or a sentence of natural life. The imposed sentence of 70-years in prison was not a punishment greater than that authorized by the court's findings and the imposition of such a sentence did not, therefore, result in a violation of Apprendi." Pugh, 325 Ill.App.3d at 353, 259 Ill.Dec. 196, 758 N.E.2d 319.
Recently, our supreme court in Ford confirmed those holdings. There, the defendant was found guilty of first degree murder after a bench trial. As in Tye and Pugh, the defendant waived his right to a jury for the eligibility and death sentencing phases of his trial. Ford, 198 Ill.2d at 71, 260 Ill.Dec. 552, 761 N.E.2d 735. The trial court found the defendant eligible for the imposition of the death penalty because the murder was committed in the course of another felony and because the murder involved the infliction of torture. Ford, 198 Ill.2d at 71, 260 Ill.Dec. 552, 761 N.E.2d 735. The court declined to sentence the defendant to death and sentenced him to 100 years' imprisonment based on its finding that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. Ford 198 Ill.2d at 71, 260 Ill.Dec. 552, 761 N.E.2d 735.
The supreme court noted that the trial court had found, by proof beyond a reasonable doubt, that the defendant was eligible for the death penalty. "At this point, and based exclusively upon facts that were proved beyond a reasonable doubt, defendant *1140 faced a prescribed statutory maximum sentence of death. The sentence actually imposed100 years in prison does not exceed this maximum." Ford, 198 Ill.2d at 74, 260 Ill.Dec. 552, 761 N.E.2d 735. Further, the court found the fact that the aggravating factor used to impose that sentence, i.e., that the murder was accompanied by brutal and heinous behavior, was not proved beyond a reasonable doubt to be irrelevant:

"Apprendi does not require that every fact related to sentencing be proved beyond a reasonable doubt. On the contrary, Apprendi requires that only those facts that increase the penalty for a crime beyond the prescribed statutory maximum be proved beyond a reasonable doubt. * * * Here, the maximum sentence facing defendant (i.e., death) was established when the trial court found, by proof beyond a reasonable doubt, that the murder both was committed in the course of another felony and involved the infliction of torture. The trial court's subsequent finding that the murder `was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty' did nothing to increase the penalty that defendant was facing. Rather, it simply guided the trial court in fashioning an appropriate sentence that was both specifically authorized by statute and below the prescribed statutory maximum" (Emphasis in original.) Ford, 198 Ill.2d at 74-75, 260 Ill.Dec. 552, 761 N.E.2d 735.
Thus, Ford concluded, that is precisely the type of judicial fact finding that Apprendi permits. Ford, 198 Ill.2d at 75, 260 Ill. Dec. 552, 761 N.E.2d 735.
Most recently, in People v. Gary Lee, 325 Ill.App.3d 643, 259 Ill.Dec. 869, 759 N.E.2d 930 (2001), a jury found the defendant guilty of first degree murder, residential burglary, robbery, and theft. Gary Lee, 325 Ill.App.3d at 646, 259 Ill. Dec. 869, 759 N.E.2d 930. The jury then found the defendant eligible for death based on felony murder. Gary Lee, 325 Ill.App.3d at 660, In the second sentencing phase, like the defendants in Pugh, Tye, and Ford, the defendant waived his right to a jury. However, the trial court sentenced him to natural life based on a finding of brutal and heinous conduct. Gary Lee, 325 Ill.App.3d at 646, 259 Ill.Dec. 869, 759 N.E.2d 930. Following Ford's lead, this court held:
"[B]ased upon the jury's finding at the first phase of the sentencing hearing [that the defendant had committed the murder in the course of a residential burglary and a robbery], the trial judge could have found the existence of an aggravating factor under section 9-1(b) and sentenced the defendant to life imprisonment without running afoul of our decision in People v. Nitz. People v. Nitz stands for the proposition that the right to a trial by jury guarantees the right to have fellow citizens determine those facts that determine the maximum sentence the law will allow. Since a jury determined beyond a reasonable doubt those facts that exposed the defendant to a life term, the defendant received all that the right to a trial by jury assures. See People v. Sims, 322 Ill.App.3d 397, 417, 255 Ill.Dec. 739, 750 N.E.2d 320 (2001). Hence, the trial judge's imposition of a life sentence need not be invalidated." Gary Lee, 325 Ill.App.3d at 660, 259 Ill.Dec. 869, 759 N.E.2d 930.
As previously stated, in the present case, the defendant was convicted of one charge of first degree murder, and the State never sought to impose the death penalty. Because there was no death eligibility hearing and the defendant was not convicted of any additional crimes (where the court, if it chose, could have used the *1141 felony murder doctrine), the maximum sentence facing the defendant was never properly raised beyond its normal range of 20 to 60 years' imprisonment. Thus, in finding that the defendant had contracted to kill an individual for money or that he committed the murder in a cold, calculated manner pursuant to a preconceived plan to take a life by unlawful means, the trial court actually increased defendant's maximum possible sentence by utilizing facts that were not proved beyond a reasonable doubt. This case is entirely unlike Tye, Pugh, Ford, and Gary Lee. Here, the "aggravating factors" relied upon by the trial court, but not found beyond a reasonable doubt, are singularly responsible for increasing defendant's sentence beyond the prescribed statutory maximum to a life sentence.
We believe this is the type of judicial fact finding to which Apprendi applies and vacate defendant's life sentence. Accordingly, we exercise our authority under Supreme Court Rule 615(b)(1) (134 Ill.2d R. 615(b)(1)), and remand for resentencing.
Remanded for resentencing.
QUINN and REID, JJ., concur.
NOTES
[1] "As [the supreme] court consistently has held, judicial opinions announcing new constitutional rules applicable to criminal cases are retroactive to all cases like this one pending on direct review at the time the new constitutional rule is declared. [Citations.]" Ford, 198 Ill.2d at 72-73, 260 Ill.Dec. 552, 761 N.E.2d 735.