THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL COLEMAN, Defendant-Appellant.

First District (1st Division)   No. 1—99—2714

Opinion filed March 11, 2002.

Rita A. Fry, Public Defender, of Chicago (Alison Edwards, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Kenneth T. McCurry, Alan Spellberg, and Marci Jacobs, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE COHEN delivered the opinion of the court:

Following the death of his estranged wife, Marchelle Coleman, defendant Daniel Coleman was indicted on three counts of first degree murder (720 ILCS 5/9—1(a)(1) (West 1992)) and two counts of home invasion (720 ILCS 5/12—11(a)(1) (West 1992)). The State nol-prossed the home invasion counts and one of the murder counts. At trial, defendant waived his right to testify and presented no evidence. A jury found defendant guilty of the two remaining counts of first degree murder. The trial court, after determining that defendant's crime was exceptionally brutal and heinous in nature, sentenced defendant to a term of natural life in prison. 730 ILCS 5/5—8—1(a)(1)(b) (West 1998).

Defendant appeals, claiming that the trial court erred in: (1) admitting evidence that defendant's wife wanted a divorce; (2) limiting the scope of defendant's cross-examination of the assistant State's Attorney who took defendant's custodial statement; and (3) failing, after defendant had expressly requested that the jury *not* be instructed on the lesser mitigated offense of second degree murder, to give such an instruction *sua sponte*. Defendant further claims that the trial court's imposition of an extended-term sentence of natural life

imprisonment is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000). For the reasons that follow, we affirm defendant's conviction, vacate his sentence and remand for resentencing.[1]

## ANALYSIS

### I. Admissibility of Evidence

■ Defendant first argues that the trial court erred in admitting evidence that Marchelle intended to divorce defendant and leave the state. "The admissibility of evidence is within the sound discretion of the trial court, and its ruling will not be reversed unless there has been an abuse of that discretion." *People v. Williams*, 181 Ill. 2d 297, 313 (1998).

Prior to trial, the State made a motion *in limine* to determine the admissibility of evidence that defendant's wife, Marchelle, separated from defendant for more than two years at the time of her death, intended to divorce him and leave Illinois. The State intended to offer this evidence in support of both its theory that on February 27, 1997, defendant killed Marchelle in a homicidal rage when he discovered her plan and to rebut defendant's claim of self-defense. The State intended to call three witnesses—Vickie Hughes (Marchelle's sister), Lonnie Lewis (Marchelle's long-time Air Force supervisor) and Donnica Massie (Marchelle's best friend)—to support its theory. Each witness would offer essentially the same substantive testimony, that Marchelle had recently informed each of them that she had received approval to transfer from the Air Force facility at O'Hare Airport to Maxwell Air Force Base in Montgomery, Alabama, and that she intended to divorce defendant and "make a clean break." The State also intended to introduce a "to-do" list, written in Marchelle's handwriting and dated "2/97," on which "Get a divorce" was included as a long-term goal. A police forensic investigator recovered the list from the bedroom floor of Marchelle's apartment, only a few feet from where her body was discovered.

At a hearing on the State's motion *in limine*, defendant objected to the hearsay nature of both the proposed testimony and the list. The trial court overruled the objection, finding both the proposed testimony and the handwritten list to be admissible under hearsay exceptions to demonstrate both defendant's motive and the victim's state of mind.

■ "Statements that indicate the declarant's state of mind are

---

[1]A full recitation of the facts of this case is unnecessary to resolve the issues raised on review. Relevant facts will be discussed as needed throughout our analysis.

admissible as exceptions to the hearsay rule when the declarant is unavailable to testify, there is a reasonable probability that the proffered hearsay statements are truthful, and the statements are relevant to a material issue in the case." *People v. Caffey*, 205 Ill. 2d 52, 91 (2001). Hearsay statements offered not for the truth of the matter asserted but to demonstrate motive are similarly admissible where relevant. *People v. Heard*, 187 Ill. 2d 36, 66 (1999).

On appeal, defendant disputes the relevance of the State's evidence. Defendant argues that where the State presented no evidence either that defendant was present during any of the out-of-court conversations with Marchelle or was otherwise aware of Marchelle's intent to divorce him, such evidence was not relevant to demonstrate defendant's motive.

■ Evidence is relevant if it has " 'any tendency to make the existence of any fact in consequence to the determination of the action more or less probable than it would be without the evidence.' " *People v. Hope*, 168 Ill. 2d 1, 23 (1995), quoting *People v. Peeples*, 155 Ill. 2d 422, 455-56 (1993). Defendant cites *People v. Singer*, 256 Ill. App. 3d 258 (1993), as authority for the proposition that, absent proof that defendant was aware of Marchelle's intent to divorce him, hearsay evidence of that intent is irrelevant and therefore inadmissible.

Defendant's reliance on *Singer* is misplaced. In *Singer*, the defendant killed three people, two employees who managed apartments in the building in which he lived, and a third individual who attempted to intervene in the first two killings. At trial, the State called Toni Basille, a surviving employee of the building management office, to testify. Ms. Basille testified both to multiple telephone conversations between defendant and the victims regarding unpaid rent as well as the management's decision to serve defendant with an eviction notice. The purpose of this testimony was to establish the defendant's impending eviction as his motive for killing the management employees. *Singer*, 256 Ill. App. 3d at 264-65.

On appeal, the *Singer* court found this evidence to be inadmissible, not for lack of relevancy, but for lack of *foundation*. The court held:

> "In the present case, the identity of the out-of-court declarant is not clear, because there is no evidence relating to who informed Basille that there were multiple conversations between defendant and [the victims] regarding unpaid rents and that written notices were sent to defendant. Moreover, Basille was not present for any of the alleged telephone conversations except one. Since the declarant is unknown and the witness lacked personal knowledge, we find the statements regarding several alleged telephone conversations are inadmissible hearsay." *Singer*, 256 Ill. App. 3d at 265.

In the instant case, unlike the operant facts in *Singer*, the declarant (Marchelle) was known and the witnesses all testified from personal knowledge. *Singer* is of no help to defendant.

Defendant's reliance on *People v. Wilson*, 116 Ill. 2d 29 (1987), is similarly misplaced. In *Wilson*, the defendant killed two police officers who had stopped the car in which defendant was traveling. *Wilson*, 116 Ill. 2d at 33. In order to establish defendant's motive for the killings, which was ostensibly to avoid arrest, the State presented an outstanding warrant for defendant's arrest. However, the State introduced no evidence either that defendant was aware of the warrant or that the officers had attempted to arrest defendant pursuant to the warrant. The court held that, absent such a foundation, the mere existence of the warrant "[did] not establish anything about the defendant's state of mind." *Wilson*, 116 Ill. 2d at 52.

While we agree with defendant that the State failed to present evidence that defendant was present for any of the disputed conversations, the record belies defendant's contention that *no* evidence was presented that he was aware of Marchelle's intent to leave for Alabama and obtain a divorce. Photographs of the crime scene reveal that Marchelle's packed suitcase, her Air Force uniform and a travel kit containing toiletries were laid out on the living room floor next to the front door, the door defendant used to enter the apartment. Defendant admitted in his written confession that he followed Marchelle into the hallway leading to the living room. Two cigarette butts containing defendant's DNA were recovered from an ashtray within arm's reach of the suitcase. Marchelle's handwritten, dated "to-do" list, including the notation "Get a divorce," was recovered from the floor of the bedroom only feet from where her body was found.

■ Marchelle's out-of-court statements to the witnesses regarding her plan, as well as the handwritten, dated "to-do" list, were relevant to establish Marchelle's state of mind. *People v. Hope*, 168 Ill. 2d 1, 23 (1995). The additional circumstantial evidence presented at trial was sufficient to establish a basis from which a reasonable jury could infer that defendant was aware of Marchelle's plan, making the disputed evidence relevant both to suggest defendant's motive and to rebut his claim of self-defense. *People v. Robinson*, 189 Ill. App. 3d 323, 344 (1989). We conclude that the trial court acted well within its discretion in admitting both the witnesses' testimony and the "to-do" list. *Caffey*, 205 Ill. 2d at 91-92. Defendant's challenge to the admissibility of this evidence fails.

## II. Scope of Cross-examination

■ Defendant next argues that the trial court erred in sustaining

an objection to a question defense counsel asked the assistant State's Attorney (ASA) who transcribed defendant's custodial confession. Defendant contends that counsel should have been allowed to ask the ASA on cross-examination whether the ASA had asked defendant whether defendant had been angry during the entire episode of killing his wife. According to defendant, the ASA might have been shown on cross-examination to have an interest or bias in failing to provide defendant the opportunity to establish the partial defense of mitigation in his written confession.

Defendant acknowledges that he has waived the issue by failing to preserve the objection in a motion for a new trial (*People v. Enoch*, 122 Ill. 2d 176, 186 (1988)), but he asks that this court review the issue as a matter of plain error. Plain error affecting a substantial right is an exception to the waiver rule. 134 Ill. 2d R. 615(a). "We will invoke the plain error rule in two limited circumstances: (1) where the evidence is closely balanced; or (2) when the errors are of such magnitude that defendant was denied a fair and impartial trial and remedying the error is necessary to preserve the integrity of the judicial process." *People v. Nieves*, 192 Ill. 2d 487, 502-03 (2000).

We decline defendant's invitation to invoke the plain error exception under the circumstances presented in this case. Defendant's argument "consists of explaining why the [trial court's ruling sustaining the State's objection] was error, not plain error. He neither argues that the evidence was closely balanced nor explains why the [asserted] error is so severe that it must be remedied to preserve the integrity of the judicial process." *Nieves*, 192 Ill. 2d at 503. Accordingly, the issue is waived.

### III. Jury Instructions

■ Defendant also argues that the trial court erred in failing to instruct the jury *sua sponte* on the lesser mitigated offense of second degree murder after defendant had specifically requested that such an instruction not be given. Once again, defendant acknowledges that he has waived the issue by failing to preserve it in a motion for a new trial (*Enoch*, 122 Ill. 2d at 186) and asks that we review the issue as plain error. Defendant argues that *People v. Carr*, 149 Ill. App. 3d 918 (1986), supports his position that the right to have the jury instructed on the elements of a lesser offense is a substantial right for purposes of plain error review and that the trial court's refusal to instruct the jury *sua sponte* on second degree murder over the defendant's objection mandates reversal.

*Carr* says nothing of the sort. *Carr* stands for the proposition that a trial court may not neglect to instruct a jury on a fundamental issue

such that the jury lacks the necessary tools to determine whether the prosecution has carried its burden of proof as to the *charged offense. Carr*, 149 Ill. App. 3d at 930. Defendant in this case was charged with first degree murder. *Carr* cannot be read to support defendant's contention that he had a substantial right to have the trial court instruct the jury *sua sponte* over defendant's own objection on the lesser mitigated offense of second degree murder. As defendant has totally failed in demonstrating the necessity of plain error review, this issue is also waived. *Nieves*, 192 Ill. 2d at 503.

Defendant has similarly failed either to preserve his alternative argument—that the trial court failed to explain to defendant the basis of the second degree murder instruction in adequate lay terms—or to demonstrate to this court the necessity of plain error review. This issue is thus waived as well. *Nieves*, 192 Ill. 2d at 503.

Even had this alternative argument not been waived, however, we would have to find based on the record that the trial court, mindful of defendant's waffling on whether to request the second degree murder instruction, twice provided to defendant in open court an exhaustive explanation of both the nature of that instruction and its potential consequences. The trial court further verified that defense counsel had discussed the instruction with defendant on no fewer than six separate occasions, one such occasion on the record. The trial court went so far as to ask defendant three times whether defendant's decision not to submit the second degree murder instruction to the jury was final. We would therefore hold that the trial court's explanation of the instruction was indeed adequate and that defendant's objection is without merit.

## IV. *Apprendi*

■ Finally, defendant argues that his extended sentence of natural life imprisonment is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000). We agree.

In *Apprendi*, the Unites States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. Section 5—8—1(a)(1)(a) of the Unified Code of Corrections (Code) provides that the sentence for first degree murder shall be no less than 20 years or more than 60 years. 730 ILCS 5/5—8—1(a)(1)(a) (West 1998). Section 5—8—1(a)(1)(b), however, allows a trial court to sentence a defendant to a term of natural life imprisonment upon a finding that the murder was

"accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." 730 ILCS 5/5—8—1(a)(1)(b) (West 1998). Defendant contends that section 5—8—1(a)(1)(b) is unconstitutional because it allows a trial judge to impose a sentence for first degree murder beyond the 20- to 60-year statutory range without requiring that such a finding be made beyond a reasonable doubt.

We recognize that there is currently a division of authority among the districts of this court (as well as among the divisions of this district) with respect to whether judicial fact-finding of the type allowed under section 5—8—1(a)(1)(b) violates the rule set forth in *Apprendi*. Compare *People v. Lee*, 318 Ill. App. 3d 417, 422 (1st Dist. 2000) (finding section 5—8—1(a)(1)(b) unconstitutional as applied), and *People v. Joyner*, 317 Ill. App. 3d 93, 109-10 (2nd Dist. 2000) (same), with *People v. Vida*, 323 Ill. App. 3d 554, 572-73 (1st Dist. 2001) (finding no constitutional violation where the trial court made a finding of "brutal or heinous behavior" under the related 60- to 100-year extended-term provision of section 5—5—3.2(b)(2) of the Code (730 ILCS 5/5—8—2(a)(1), 5—5—3.2(b)(2) (West 1998))). See also *People v. Ford*, 198 Ill. 2d 68, 76-77 (2001) (Harrison, C.J., dissenting);[2] *People v. Swift*, 322 Ill. App. 3d 127, 130 (2nd Dist. 2001); *People v. Chanthaloth*, 318 Ill. App. 3d 806, 816-18 (2nd Dist. 2001); *People v. Kaczmarek*, 318 Ill. App. 3d 340, 353-54 (1st Dist. 2000); *People v. Beachem*, 317 Ill. App. 3d 693, 708 (1st Dist. 2000) (all finding *Apprendi* violations in related provisions of the Code).

Having reviewed all of the relevant authority, we find *Lee* and its predecessors to be the more persuasively reasoned. "Under *Apprendi*, a statute which provides for a judicial finding of fact that has the effect of increasing the penalty for an offense beyond the statutorily prescribed maximum is unconstitutional. Section 5—8—1(a)(1)(b) clearly falls within this prohibition." *People v. Lee*, 318 Ill. App. 3d 417, 422 (2000). Under our analysis, the natural life sentence imposed in this case cannot stand.

---

[2]*Ford* is readily distinguishable from the present case in that the trial court in *Ford* found the defendant eligible for the death penalty beyond a reasonable doubt *prior* to imposing an extended 100-year sentence predicated on a finding of "brutal and heinous behavior" under section 5—5—3.2(b)(2) of the Code (730 ILCS 5/5—8—2(a)(1), 5—5—3.2(b)(2) (West 1998)). Our supreme court held that no *Apprendi* violation occurs in such circumstances. "Indeed, to hold otherwise would be to construe the due process clause of the fourteenth amendment as authorizing the ordering of a man's death but prohibiting the sentencing of that same man to a term of years in prison. *Apprendi* does not compel such an absurdity." *Ford*, 198 Ill. 2d at 75. The case before us, however, is not a capital case. Consequently, *Ford* does not apply.

We acknowledge that "[w]hile one rational jury could find [beyond a reasonable doubt] that an offense was exceptionally brutal and heinous, another could find the opposite based on the same evidence." *People v. Bryant*, 325 Ill. App. 3d 448, 457 (2001). We therefore vacate defendant's natural life sentence and remand this case to the trial court for resentencing.

## CONCLUSION

For the foregoing reasons, we affirm defendant's conviction, vacate his sentence and remand this case to the trial court for resentencing in accordance with this opinion.

Affirmed in part and vacated in part; cause remanded.

TULLY and COUSINS, JJ., concur.