Docket No. 90083–Agenda 35–May 2001.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ERIC FORD, Appellant.

Opinion filed October 18, 2001.

JUSTICE THOMAS delivered the opinion of the court:

The issue presented is whether defendant’s 100-year extended-term sentence for the commission of first degree murder is constitutional under the United States Supreme Court’s decision in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). We hold that it is.

BACKGROUND

The facts are not in dispute. On February 17, 1995, a tugboat captain found Tommy Glass’ body lying on the bank of the Calumet Sag Channel. The body was lacerated, badly decomposed, and missing several parts. Due to the condition of Glass’ body, which had been immersed in the channel for several weeks, the original autopsy report listed the cause of death as “indeterminate.”

On April 5, 1995, defendant confessed to participating in Glass’ murder. According to defendant’s statement, on December 27, 1994, defendant and three fellow gang members grabbed Glass off the street and dragged him into a nearby apartment to question him concerning the murder of their friend James Chapman. When Glass denied any involvement in Chapman’s murder, all four men repeatedly punched him in the face. Attempting to protect himself, Glass curled up into a ball on the floor. One of defendant’s cohorts summoned a fifth member of defendant’s gang, Altai Thornton, who was passing on the street. Thornton entered the apartment and began beating Glass’ head and body with a paint can. According to defendant, “It was kind of funny at that point.” Thornton then entered the kitchen, removed all four heated burners from the stove, and seared Glass’ face with each of the burners. Each searing lasted “like thirty seconds,” and defendant “could hear his face sizzling.” Defendant and Thornton then used duct tape to bind Glass’ ankles, knees, arms, and mouth. Once Glass was bound, Thornton heated a metal rake on the stove and again seared Glass’ head.

At this point, Thornton suggested tossing Glass into the Calumet Sag Channel. Defendant objected, noting that Glass “would float up to the top.” Defendant was outvoted, however, and the five men carried Glass to a nearby hill, where defendant and Thornton rolled Glass’ body to the water’s edge. Glass was still alive at this point, so, while defendant watched, Thornton held Glass under the water for about 10 minutes. Finally, defendant “saw [Thornton] push down one last time and come back to the shore.”

Following a bench trial, defendant was convicted of first degree murder (720 ILCS 5/9–1(a)(1) (West 1998)). The State sought imposition of the death penalty, and defendant waived a jury for both phases of the capital sentencing hearing. The trial court found defendant eligible for the death penalty both because the murder was committed in the course of another felony (720 ILCS 5/9–1(b)(6) (West 1998)) and because the murder was intentional and involved the infliction of torture (720 ILCS 5/9–1(b)(14) (West 1998)). The trial court declined to impose the death penalty, however, noting that defendant was young, had confessed to the crime, had cooperated with the police, and lacked a significant criminal record. The trial court instead imposed an extended-term sentence of 100 years based upon its finding that the murder “was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty.” See 730 ILCS 5/5–5–3.2(b)(2), 5–8–2(a)(1) (West 1998).

Defendant appealed his conviction and sentence, and the appellate court affirmed in an unpublished order. No. 1–99–0104 (unpublished order under Supreme Court Rule 23). Two months later, defendant filed a petition for rehearing in which he argued for the first time that his 100-year extended-term sentence was unconstitutional under 
Apprendi
. The appellate court denied the petition “for want of jurisdiction.” Defendant then filed a motion for leave to file a late petition for leave to appeal, and this court granted both the motion and the petition. 177 Ill. 2d Rs. 315(a), (b).

ANALYSIS

Defendant argues that his 100-year extended-term sentence is unconstitutional under the United States Supreme Court’s decision in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). According to defendant, under section 5–8–1(a)(1) of the Unified Code of Corrections (the Code) (730 ILCS 5/5–8–1(a)(1) (West 1998)), the maximum sentence for first degree murder in Illinois is 60 years. Although sections 5–5–3.2(b)(2) and 5–8–2(a)(1) of the Code (730 ILCS 5/5–5–3.2(b)(2), 5–8–2(a)(1) (West 1998)) authorize the imposition of an extended-term sentence of between 60 and 100 years if the trial court finds that the murder “was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty,” that finding need not be based upon proof beyond a reasonable doubt. Rather, that finding need only be based upon a preponderance of the evidence. This, defendant insists, violates 
Apprendi
’s mandate that “any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.
(footnote: 1) In response, the State argues that 
Apprendi
 does not apply to Illinois’ first degree murder statute because the maximum penalty authorized by that statute is death.

Before reaching the merits of defendant’s argument, we note that, although it was announced after the appellate court issued its opinion in this case, the decision in 
Apprendi
 nevertheless applies to this case. As this court consistently has held, judicial opinions announcing new constitutional rules applicable to criminal cases are retroactive to all cases–like this one–pending on direct review at the time the new constitutional rule is declared. See 
People v. Hudson
, 195 Ill. 2d 117, 126 (2001); see also
 People v. Erickson
, 117 Ill. 2d 271, 288 (1987), citing 
Griffith v. Kentucky
, 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708 (1987).

That said, we need not decide whether the maximum sentence authorized by the Illinois first degree murder statute is 60 years, as defendant contends, or death, as the State contends. This is because, under the particular facts presented in this case, defendant’s 100-year extended-term sentence clearly complies with the rule announced in 
Apprendi
.

In 
Apprendi
, the United States Supreme Court invalidated New Jersey’s hate crime statute, which allowed the sentencing judge to increase the sentence for a particular offense beyond the statutory maximum if the judge found, by a preponderance of the evidence, that the defendant, in committing the offense, acted with a purpose to intimidate an individual or group of individuals on the basis of, 
inter
 
alia
, race.
 Apprendi
, 530 U.S. at 468-69, 147 L. Ed. 2d at 442, 120 S. Ct. at 2351. In doing so, the Court held that, under the due process clause of the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV), “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

In this case, defendant was convicted of first degree murder, and the State–as it is entitled to do–sought imposition of the death penalty based upon that conviction. Defendant waived a jury for both phases of the capital sentencing hearing, and the trial court found, by proof beyond a reasonable doubt, that defendant was eligible for the death penalty. At this point, and based exclusively upon facts that were proved beyond a reasonable doubt, defendant faced a prescribed statutory maximum sentence of death. The sentence actually imposed–100 years in prison–does not exceed this maximum.

That the aggravating factor used to impose defendant’s 100-year sentence–
i.e.
, that the murder “was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty”–was not proved beyond a reasonable doubt is immaterial. 
Apprendi 
does not require that 
every
 fact related to sentencing be proved beyond a reasonable doubt. On the contrary, 
Apprendi
 requires that only those facts that increase the penalty for a crime
 beyond the prescribed statutory maximum
 be proved beyond a reasonable doubt. As 
Apprendi
 explains:

“We should be clear that nothing *** suggests that it is impermissible for judges to exercise discretion–taking into consideration various factors relating both to offense and offender–in imposing a judgment 
within the range
 prescribed by statute. We have often noted that judges in this country have long exercised discretion of this nature in imposing sentence 
within statutory limits
 in the individual case.” (Emphases in original.) 
Apprendi
, 530 U.S. at 481, 147 L. Ed. 2d at 449, 120 S. Ct. at 2358 .

Here, the maximum sentence facing defendant (
i.e.
, death) was established when the trial court found, by proof beyond a reasonable doubt, that the murder both was committed in the course of another felony and involved the infliction of torture. The trial court’s subsequent finding that the murder “was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty” did nothing to increase the penalty that defendant was facing. Rather, it simply guided the trial court in fashioning an appropriate sentence that was both specifically authorized by statute and below the prescribed statutory maximum. This is precisely the type of judicial fact finding that 
Apprendi
 permits.

We therefore hold that, as in this case, when a defendant is found eligible for the death penalty by proof beyond a reasonable doubt, the imposition of an extended-term prison sentence under sections 5–5–3.2(b)(2) and 5–8–2(a)(1) of the Code complies with the rule announced in 
Apprendi
. Indeed, to hold otherwise would be to construe the due process clause of the fourteenth amendment as authorizing the ordering of a man’s death but prohibiting the sentencing of that same man to a term of years in prison. 
Apprendi 
does not compel such an absurdity.

CONCLUSION

For the foregoing reasons, the judgment of the appellate court is affirmed.

Affirmed
. 

CHIEF JUSTICE HARRISON, dissenting:

I agree that the United States Supreme Court’s decision in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), applies retroactively and that the matter before us is subject to the principles decided in that case. Contrary to the majority, however, I believe that 
Apprendi
 requires us to vacate Ford’s extended-term sentence.

Apprendi 
holds that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. Under this rule, the prescribed maximum sentence is the maximum sentence a court could impose based on the jury’s verdict of guilty. It does not include enhanced sentences which require findings in addition to the determination of guilt. If an additional finding is required to impose a more severe sentence than would be authorized based on the guilty verdict alone, 
Apprendi
 holds that the finding must be made by a jury based on facts proved by the State beyond a reasonable doubt. 
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

The prescribed statutory maximum for first degree murder, the crime for which Ford was convicted, is 60 years’ imprisonment. 730 ILCS 5/5–8–1(a)(1)(a) (West 1998); see 
People v. Beachem
, 317 Ill. App. 3d 693, 706-08 (2000); 
People v. Kaczmarek
, 318 Ill. App. 3d 340, 350 (2000). That is the highest punishment that can be imposed based solely on the facts reflected in the jury’s verdict of guilty. Additional imprisonment is possible, but the 60-year maximum cannot be exceeded without an additional finding that the murder was accompanied by “exceptionally brutal or heinous behavior indicative of wanton cruelty” (730 ILCS 5/5–8–1(a)(1)(b), 5–8–2(a), 5–5–3.2(b)(2) (West 1998)) or one of various other enumerated statutory aggravating factors (730 ILCS 5/5–8–2(a), 5–5–3.2(b) (West 1998)). If a finding of “exceptionally brutal or heinous behavior indicative of wanton cruelty” is made, a defendant convicted of first degree murder is subject to an extended term of not less than 60 years and not more than 100 years (730 ILCS 5/5–8–2(a)(1), 5–5–3.2(b)(2) (West 1998)) or natural life (730 ILCS 5/5–8–1(a)(1)(b) (West 1998)).

Under a plain reading of 
Apprendi
, such a sentencing scheme is valid only if the existence of the aggravating factor is made by the jury, and the State has the burden of proving the aggravating factor beyond a reasonable doubt. The Illinois statutes, however, expressly provide that the aggravating factor necessary to support an enhanced sentence is to be made by the court, not a jury, and the law contains no requirement that the aggravating factor be proved by the State beyond a reasonable doubt. See 730 ILCS 5/5–8–1(a)(1)(b), 5–8–2(a) (West 1998).
(footnote: 2) Because of those deficiencies, extended terms imposed under the statutes cannot, as a general rule, pass constitutional muster under 
Apprendi
. See 
People v. Swift
, 322 Ill. App. 3d 127, 130 (2001); 
People v. Lee
, 319 Ill. App. 3d 289, 307-08 (2001);
 People v. Chanthaloth
, 318 Ill. App. 3d 806, 816-18 (2001); 
People v. Kaczmarek
, 318 Ill. App. 3d 340, 353 (2000); 
People v. Lee
, 318 Ill. App. 3d 417, 422 (2000); 
People v. Beachem
, 317 Ill. App. 3d 693, 708 (2000); 
People v. Joyner
, 317 Ill. App. 3d 93, 109-10 (2000).

An exception to this rule applies where the State seeks the death penalty, but the defendant waives a jury for capital sentencing. If the circuit court finds the defendant eligible for death, but instead of death, imposes an extended term based on the same aggravating factor on which the finding of death eligibility was predicated, no 
Apprendi
 violations occurs. See 
People v. Tye
, 323 Ill. App. 3d 872 (2001). The reason is this: the defendant cannot complain that he was denied the right to a jury because he affirmatively waived a jury, and he cannot complain that the standard of proof was too lax because under section 9–1(f) of the Criminal Code of 1961 (720 ILCS 5/9–1(f) (West 1998)), the death-eligibility factors must be proven beyond a reasonable doubt even where the proceedings are before the court sitting without a jury. Accordingly, the concerns underlying 
Apprendi
 are not implicated. 

This exception is inapplicable to the case before us because the trial court did not rely on the same factor to support the 100-year extended term as it used to find Ford death eligible. Ford was found death eligible because the murder was committed in the course of another felony and because the murder was intentional and involved the infliction of torture. While the trial court was required to find those eligibility factors beyond a reasonable doubt, it had no similar requirement under the law then in effect with respect to the question of whether the offense was accompanied by “exceptionally brutal or heinous behavior indicative of wanton cruelty” (730 ILCS 5/5–5–3.2(b)(2) (West 1998)), which was the aggravating factor invoked by the trial court to justify the 100-year extended term under section 5–8–2(a)(1) (730 ILCS 5/5–8–2(a)(1) (West 1998)). Because the court was not required to find that aggravating factor beyond a reasonable doubt, the extended term cannot stand under 
Apprendi
. The extended-term portion of Ford’s sentence should therefore be vacated.

FOOTNOTES
1:     
1
Defendant also suggests that, under 
Apprendi
, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be charged in the indictment. However, the Court in 
Apprendi
 specifically declined to address the indictment question, noting that (1) Apprendi did not assert a constitutional claim based upon the indictment’s failure to charge the extended-term sentencing factors, and (2) the due process clause of the fourteenth amendment, upon which Apprendi exclusively relied, has never been construed to make the fifth amendment right to “ ‘presentment or indictment of a Grand Jury’ ” applicable to the states. 
Apprendi
, 530 U.S. at 477 n.3, 147 L. Ed. 2d at 447 n.3, 120 S. Ct. at 2355 n.3.

2:     
2
Public Act 91–953, §10, which took effect February 23, 2001, amended section 5–8–1(a)(1)(b) and section 5–8–2(a) to specify that the aggravating factors necessary to support enhanced sentences must now to be found by the trier of fact beyond a reasonable doubt.