THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY TOMASELLO, Defendant-Appellant.

First District (5th Division)   No. 1—00—4065

Opinion filed April 19, 2002.

Rita A. Fry, Public Defender, of Chicago (Robert D. Glick, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Susan M. Caraher, Assistant State's Attorneys, of counsel), for the People.

JUSTICE QUINN delivered the opinion of the court:

Following a bench trial, defendant Anthony Tomasello was convicted of three counts of aggravated criminal sexual assault and was sentenced to three consecutive 15-year prison terms. His convictions and sentence were affirmed on direct appeal. *People v. Tomasello*, No. 1—98—4211 (2000) (unpublished summary order under Supreme Court Rule 23). Defendant subsequently filed a *pro se* petition for relief under the Post-Conviction Hearing Act (Post-Conviction Act) (725 ILCS 5/122—1 *et seq.* (West 2000)), which was summarily dismissed by the trial court. Defendant appeals, contending that his *pro se* petition set forth the gist of a meritorious claim based upon *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). For the reasons set forth below, we affirm the judgment of the trial court.

## BACKGROUND

Defendant was convicted of three counts of aggravated criminal sexual assault under section 12—14(b)(ii) of the Illinois Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12—14(b)(ii) (West 1996)). Defendant had sexually assaulted the victim, a 10-year-old boy, while the child was in his backyard. In our January 14, 2000, summary order affirming defendant's conviction and sentence, we rejected his claim that his sentence was excessive given his age, background and the circumstances surrounding commission of the crimes.

On August 8, 2000, defendant's *pro se* petition for postconviction relief was filed with the circuit court. In his petition, defendant stated that he was sentenced to consecutive sentences on his aggravated criminal sexual assault convictions based upon the sentencing court's finding that the crimes were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. He likened his consecutive sentences to an enhanced sentence and claimed that section 5—8—4(a) of the Illinois Unified Code of Corrections (Code of Corrections) (730 ILCS 5/5—8—4(a) (West 1996)), the section under which he was sentenced, was unconstitutional based upon the Supreme Court's *Apprendi* decision.

Quoting some select phrases from his sentencing hearing, defendant further alleged that although he did not receive an extended-term sentence, the sentencing court found that he was eligible for a 120-year term based upon the victim's age.[1] Again relying on *Apprendi*, defendant asserted that the sentencing court was without

---

[1]At the time of these offenses, Code of Corrections section 5—5—3.2(b)(4)(i) provided that, under section 5—8—2, the court may consider as a reason for imposing an extended-term sentence the fact that the victim was

authority to impose an enhanced sentence based upon a determination as to the victim's age, where that basis was not pleaded in the indictment, submitted to the jury or proved beyond a reasonable doubt at trial.

His third basis for relief in his petition was that his due process rights were violated when Joe Pence, a fellow detainee at the Audy Home, was allowed to testify at defendant's sentencing hearing. According to defendant's petition, Pence testified that he had heard defendant proposition a resident at the Audy Home for sex and that defendant had attempted to sexually assault Pence. Attached to defendant's petition was the affidavit of Steven Hunter, defendant's attorney at trial, who averred that he had inadequate information relating to the alleged sexual assault on Pence to enable him to subpoena police reports relating to the incident. Hunter further averred that he was surprised by Pence's testimony and that, because Pence was himself a detainee at the Audy Home, Hunter was unable to interview him.

In a written order, the trial court summarily dismissed defendant's petition. As relevant to this appeal, the trial court held that the *Apprendi* decision was not applicable in a postconviction proceeding. The trial court also held that pursuant to section 5—5—3.2(c) of the Code of Corrections (730 ILCS 5/5—5—3.2(c) (West 1996)), defendant was indeed eligible for an extended-term sentence premised upon the victim's age. The trial court then held that defendant's claim that the judge "was mistaken when he stated that [defendant] was eligible for an extended-term sentence" was waived. Citing *People v. French,* 210 Ill. App. 3d 681, 688-89 (1991), the trial court stated that the propriety of defendant's sentence was premised upon the record at the sentencing hearing and, thus, defendant's failure to raise the issue on direct appeal precluded consideration of it in a postconviction petition. Defendant now appeals.

## ANALYSIS

Defendant's sole contention on appeal is that the trial court erred when it summarily dismissed his postconviction petition wherein he alleged the gist of a meritorious claim based upon the sentencing court's finding that he was subject to an extended-term sentence due

---

"under 12 years of age at the time of the offense." 730 ILCS 5/5—5—3.2(b)(4)(i) (West 1996). Code of Corrections section 5—5—3.2(c) provided that "[t]he court may impose an extended term sentence under Section 5—8—2 upon any offender who was convicted of aggravated criminal sexual assault where the victim was under 18 years of age at the time of the commission of the offense." 730 ILCS 5/5—5—3.2(c) (West 1996).

to the victim's age. Because this claim is premised upon *Apprendi*, defendant argues that the trial court erred when it found the issue could have been brought on direct appeal. This is because this court decided his appeal some six months before the Supreme Court rendered its decision in *Apprendi*.

■ The Post-Conviction Act provides a remedy for a criminal defendant who can establish a substantial deprivation of his constitutional rights at trial. *People v. Brisbon*, 164 Ill. 2d 236, 242 (1995). A court may summarily dismiss the petition without appointing counsel if it determines that the petition is frivolous or patently without merit. 725 ILCS 5/122—2.1 (West 2000). In determining whether the summary dismissal was correct, we review the allegations in the petition *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388-89 (1998).

■ On appeal, defense counsel concedes that our supreme court has held that the holding in *Apprendi* is not violated by the imposition of consecutive sentences, where each separate sentence is within the applicable statutory limit for the particular offense. See *People v. Wagener*, 196 Ill. 2d 269, 287-88 (2001). Defense counsel also concedes that defendant's 15-year sentence on each count of aggravated criminal sexual assault is within the applicable statutory limit for that offense.

Defense counsel bases his appeal on several cases where this court has held that a defendant must be resentenced where the record shows that the trial court erroneously thought the defendant was eligible for an extended-term sentence, even in those instances where the trial court did not impose an extended-term sentence. *People v. Ruiz*, 312 Ill. App. 3d 49, 58 (2000); *People v. Hausman*, 287 Ill. App. 3d 1069, 1072 (1997); *People v. Sims*, 265 Ill. App. 3d 352, 365-66 (1994).

■ We first note that the sentencing court's alleged statement that defendant could be sentenced to up to 120 years' imprisonment was correct. Aggravated criminal sexual assault is a Class X felony (720 ILCS 5/12—14(d) (West 1996)), which allows for a prison term of not less than 6 years and not more than 30 years (730 ILCS 5/5—8—1(a)(3) (West 1996)). Based upon the victim's age, an extended term for defendant's Class X felony convictions is not less than 30 years and not more than 60 years (730 ILCS 5/5—8—2(b)(2) (West 1996)). Having determined defendant's three offenses were committed as part of a single course of conduct, consecutive sentences on the three counts were mandatory pursuant to section 5—8—4(a) (730 ILCS 5/5—8—4(a) (West 1996)). See *People v. Curry*, 178 Ill. 2d 509, 538 (1997). Defendant's consecutive sentences implicated section 5—8—4(c)(2) of the Code of Corrections, which provides:

"[T]he aggregate of consecutive sentences shall not exceed the

sum of the maximum terms authorized under Section 5—8—2 for the 2 most serious felonies involved." 730 ILCS 5/5—8—4(c)(2) (West 1996).

Thus, as defendant could be sentenced to consecutive 60-year prison terms for two of the convictions, defendant could have been sentenced to up to 120 years in prison. See *People v. Pullen*, 192 Ill. 2d 36, 42 (2000).

■ We note that all of the cases cited by the defense involved instances where the trial court's admonishments were erroneous. Here, the admonishments were correct. Further, all of defendant's cases predate the holding in *Apprendi* and our supreme court's holding in *Wagener*. Consequently, we find defendant's cases to be inapplicable. Our supreme court has also rejected challenges to consecutive sentences based on *Apprendi* in *People v. Carney*, 196 Ill. 2d 518 (2001), and *People v. Rogers*, 197 Ill. 2d 216 (2001). In *Rogers*, the court affirmed consecutive sentences upon convictions of criminal sexual assault. In *Carney*, the court affirmed consecutive sentences under section 5—8—4(a) of the Code of Corrections, the same statutory subsection relied upon by the trial court in this case.

We reject defendant's argument that the assertion in his postconviction petition that the sentencing court's admonishment that he was eligible for an extended term of up to 120 years under section 5—8—4(c)(2) constitutes a separate basis upon which we may grant relief. As our supreme court has held that the holding in *Apprendi* is not violated by the imposition of consecutive sentences where each separate sentence is within the applicable statutory limit for that offense, and where the sentences in this case are clearly within that limit, our analysis ends. In the factually similar case of *Rogers*, our supreme court rejected the defendant's argument that his consecutive sentences violated *Apprendi*, citing the holdings in *Wagener* and *Carney*. The court continued: "The defendant cannot raise this nonmeritorious constitutional issue in a post-conviction context. See 725 ILCS 5/122—1 (West 1998). We do not decide, however, whether a meritorious *Apprendi* issue is cognizable in a post-conviction proceeding, *i.e.*, whether *Apprendi* applies retroactively to cases on collateral review." *Rogers*, 197 Ill. 2d at 224 n.3.

We also reject defendant's argument that the indictment in this case was violative of *Apprendi* for failure to charge that the victim was under 12 years of age. This rejection is based on the holding of our supreme court in *People v. Ford*, 198 Ill. 2d 68 (2001), where it stated:

"Defendant also suggests that, under *Apprendi*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be charged in the indictment. However, the Court

in *Apprendi* specifically declined to address the indictment question, noting that (1) *Apprendi* did not assert a constitutional claim based upon the indictment's failure to charge the extended-term sentencing factors, and (2) the due process clause of the fourteenth amendment, upon which *Apprendi* exclusively relied, has never been construed to make the fifth amendment right to ' "presentment of a Grand Jury" ' applicable to the states. *Apprendi*, 350 U.S. at 477 n.3, 147 L. Ed. 2d at 447 n.3, 120 S. Ct. at 2355 n.3." *Ford*, 198 Ill. 2d at 72 n.1.

Our holding is also supported by the holding in *People v. Davis*, 205 Ill. 2d 349 (2002). There, our supreme court rejected the defendant's argument that under *Apprendi*, his indictment was flawed because it did not set forth all of the elements of the crime. Specifically, the supreme court stated:

" 'When an indictment or information is attacked for the first time on appeal, it is sufficient that the indictment or information "apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." ' *People v. Thingvold*, 145 Ill. 2d 441, 448 (1991), quoting *People v. Gilmore*, 63 Ill. 2d 23, 29 (1976). In other words, the question on appeal is 'whether the defect in the information or indictment prejudiced the defendant in preparing his defense.' *Thingvold*, 145 Ill. 2d at 448.

In the present case, defendant did not challenge the indictment at trial or in his first direct appeal. Thus, unless he demonstrates that he was prejudiced in preparing his defense, this issue is waived. Defendant makes no claim of prejudice, however. Instead, he packages his challenge to the indictment in *Apprendi* wrapping and raises it as a constitutional claim that was not available to him at the time of his first appeal.

Defendant's attempt to create an *Apprendi* issue is unavailing because the Supreme Court, in *Apprendi*, specifically excluded capital sentencing schemes in which eligibility for the death penalty must be proven to a jury beyond a reasonable doubt from its scope ***." *Davis*, 205 Ill. 2d at 375-76.

The holdings in *Rogers*, *Ford* and *Davis* make clear that in those categories of cases where *Apprendi* does not apply (*e.g.*, those involving nonextended consecutive sentences and capital cases), the mere invocation of the holding in *Apprendi* does not require the trial courts or this court to disregard decades of well-settled precedent addressing issues concerning charging and sentencing in criminal cases.

For all of the above reasons, we find that the trial court did not err in summarily dismissing defendant's *pro se* postconviction petition.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J., and REID, J., concur.