THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANN M. JONES, Defendant-Appellant.

Second District   Nos. 2—00—1214, 2—01—0177 cons.

Opinion filed April 30, 2002.

Wayne E. Brucar, of Brucar, Conger & Yetter, P.C., of Glen Ellyn, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Ann M. Jones, appeals from her sentence for a conviction of murder in case No. 2—00—1214 and from the order of the trial court denying her motion to dismiss in case No. 2—01—0177. We affirm in both cases.

In No. 2—00—1214, defendant waived trial by jury and pleaded guilty to one count of murder (720 ILCS 5/9—1(a)(1) (West 1998)) in the August 1998 shooting death of her husband, Michael Jones. In exchange for this plea, the State agreed to forego seeking a sentence of death and to nol-pros the remaining alternate counts of murder. Immediately after the plea was entered, defendant and the State stipulated to the testimony and reports of several doctors, and the court found that defendant was suffering from a mental illness at the time of the offense. After a sentencing hearing, the court sentenced defendant to a term of natural life in prison on May 31, 2000. Defendant timely filed a motion to withdraw her plea of guilty and to vacate judgment. She subsequently changed attorneys and filed an amended motion to reconsider sentence in which she contended that she need not move to withdraw her plea before seeking the reconsideration of her sentence. The court granted the State's motion to dismiss defendant's motion. This appeal followed.

In case No. 2—01—0177, defendant was charged with attempted first-degree murder (720 ILCS 5/8—4(a), 9—1(a)(1) (West, 1998)), aggravated battery with a firearm (720 ILCS 5/12—4.2(a)(1) (West 1998)), and aggravated discharge of a firearm (720 ILCS 5/24—1.2(a)(2) (West 1998)) for the February 1998 shooting of Michael Jones. The State moved to join the prosecutions of the murder and the attempted murder cases. The record does not contain any order clearly showing the court's decision on this motion. However, the attempted murder case was periodically continued for status along with the mur-

der case. On December 12, 2000, defendant filed a motion to dismiss based on double jeopardy. The trial court denied the motion, and this interlocutory appeal followed.

Defendant first contends that her sentence of natural life in prison is unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). We disagree.

■ We first note that defendant failed to raise this issue in either her motion to withdraw her plea of guilty or her amended motion to reconsider sentence. Issues are waived on appeal unless they are raised at trial and in a posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988); *People v. Carroll*, 195 Ill. App. 3d 445, 446-47 (1990). However, the constitutional dimension of this issue allows us to relax the waiver rule and address it. See *People v. Wooters*, 188 Ill. 2d 500, 510 (1999).

■ Defendant was sentenced pursuant to section 5—8—1 of the Unified Code of Corrections (the Code) (730 ILCS 5/5—8—1 (West 2000)), which provides in part:

> "(a) Except as otherwise provided in the statute defining the offense, a sentence of imprisonment for a felony shall be a determinate sentence set by the court under this Section, according to the following limitations:
>
> (1) for first degree murder,
>
> (a) a term shall be not less than 20 years and not more than 60 years, or
>
> (b) if a trier of fact finds *** that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty or, except as set forth in subsection (a)(1)(c) of this Section, that any of the aggravating factors listed in subsection (b) of Section 9—1 of the Criminal Code of 1961 are present, the court may sentence the defendant to a term of natural life imprisonment[.]" 730 ILCS 5/5—8—1(a)(1)(a), (a)(1)(b) (West 2000).

The sentencing order in this case states that the court "specifically finds that the murder was accompanied by exceptionally brutal or heinous behavior." The order also states that the court also found "that the Aggravating Factors listed in 720 ILCS 5/9—1(b) are present." Defendant argues that her life sentence is beyond the prescribed statutory maximum penalty for murder and, therefore, unconstitutional.

*Apprendi* held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. We are faced, then, with the issue of the statutory maximum penalty for first-degree murder. In the past, this court

has concluded that the maximum penalty is 60 years' imprisonment, pursuant to section 5—8—1(a)(1)(a) of the Code (730 ILCS 5/5—8—1(a)(1)(a) (West 2000)). See *People v. Joyner*, 317 Ill. App. 3d 93, 110 (2000). Therefore, the *Joyner* court found section 5—8—1(a)(1)(b) of the Code unconstitutional

> "inasmuch as it allows the imposition of a sentence of natural life imprisonment when the court makes a finding that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty without affording defendant the right to a jury determination of whether or not the State proved the fact beyond a reasonable doubt." *Joyner*, 317 Ill. App. 3d at 110.

We find *Joyner* distinguishable. In the case before us, defendant entered into a plea agreement by which the State and defendant agreed that natural life was the maximum penalty that could be *imposed*. At the time the plea was entered, the following colloquy took place:

> "THE COURT: You're both agreeing that the maximum sentence because of your agreement would be if the Court finds that there is an exceptionally brutal and heinous circumstances [*sic*] surrounding this offense that a sentence of natural life could be imposed. But because it is your agreement that the State will not seek to impose the death penalty therefore the maximum penalty would be natural life. \*\*\*
>
> \*\*\*
>
> Mr. Fleming, that's also your understanding that that [*sic*] is the maximum penalty that could be imposed under the agreement?
>
> MR. FLEMING [defense counsel]: That's correct. We understand what the State's position is in that regard and we obviously don't concur with that, but I understand that there is the maximum the Court found under those sections a sufficient factual basis exists for those findings \*\*\*.
>
> THE COURT: And, Ms. Jones, that's also your understanding?
>
> MS. JONES: Yes \*\*\*."

■ A defendant who pleads guilty does not have the same appeal rights as a defendant convicted after a trial. *People v. Chandler*, 321 Ill. App. 3d 292, 297 (2001). Having agreed that a term of natural life in prison was the maximum sentence allowable, defendant cannot now argue that a term of 60 years was the maximum. Defendant received the benefit of her bargain when the State foreclosed the possibility of a sentence of death. By arguing that the maximum sentence is 60 years, defendant is seeking to hold the State to its part of the bargain while unilaterally modifying the plea agreement; this flies in the face of contract law and constitutional concerns of fundamental fairness. See *People v. Evans*, 174 Ill. 2d 320, 327 (1996) (defendant cannot enter into plea agreement whereby the State agrees to recommend a

specific sentence and then seek reconsideration of that sentence). Since natural life in prison was the agreed-upon statutory maximum sentence, and defendant's sentence did not exceed that maximum, we find no *Apprendi* violation.

Our conclusion herein is buttressed by the supreme court's decision in *People v. Ford*, 198 Ill. 2d 68 (2001). In *Ford*, the defendant was found guilty of first-degree murder after a bench trial. The State sought the death penalty, and the defendant waived a jury for both phases of the capital sentencing hearing. The court found the defendant eligible for the death penalty on two grounds under section 9—1. However, the court imposed an extended-term sentence of 100 years' imprisonment, based upon its finding that the murder was accompanied by exceptionally brutal or heinous behavior. The supreme court did not decide whether the maximum authorized sentence was 60 years' imprisonment, as the defendant asserted, or death, as the State contended. Instead, the court concluded that, "under the particular facts presented" in the case, the extended-term sentence complied with *Apprendi*. *Ford*, 198 Ill. 2d at 73. The court found that the maximum sentence facing the defendant was established when the trial court found the defendant eligible for the death penalty. The trial court's subsequent finding of brutal and heinous behavior, upon which the extended-term sentence was based, did not increase the sentence that the defendant was facing. *Ford*, 198 Ill. 2d at 74. The fact that the brutal and heinous behavior was not proved beyond a reasonable doubt was immaterial, as *Apprendi* requires that only those facts that increase the penalty for a crime beyond the prescribed statutory maximum be proved beyond a reasonable doubt. *Ford*, 198 Ill. 2d at 74.

Under the facts of our case, the maximum penalty facing defendant was established when defendant pleaded guilty in exchange for the State's agreement not to seek the death penalty. Defendant agreed that natural life in prison was the maximum sentence. Therefore, the finding of brutal and heinous behavior did not require proof beyond a reasonable doubt, as it did not extend defendant's sentence beyond the already-established maximum. We conclude that defendant's sentence of natural life in prison did not run afoul of *Apprendi*, and we find no error here.

■ Defendant next contends that the trial court erred in granting the State's motion to dismiss her motion to reconsider sentence. We disagree.

Defendant originally filed a motion to withdraw her plea of guilty and to vacate judgment. However, shortly thereafter, defendant changed attorneys, and she subsequently filed an "amended motion to reconsider sentence," in which she alleged that (1) she received the

ineffective assistance of counsel at her sentencing hearing; (2) the trial court did not allow her the right to a full and fair sentencing hearing; (3) the trial court erred by sentencing her to a term of natural life in prison "in violation of statutory requirements"; and (4) her sentence was excessive and was based on the inappropriate consideration of aggravating and mitigating factors. She also asserted in that motion that she need not move to withdraw her plea before moving to reconsider her sentence. After a hearing, the trial court granted the State's motion to dismiss.

Our supreme court has held that, where the State enters into a plea agreement in which it limits or forecloses itself from arguing for a sentence from the full range of penalties available under law, a defendant must first move to withdraw her plea in the trial court before challenging her sentence. *People v. Diaz*, 192 Ill. 2d 211, 225 (2000). Such is the case here, where the State agreed not to seek a penalty of death. Defendant fails to address *Diaz* but asserts that she is entitled to file a motion to reconsider without first moving to withdraw her plea, pursuant to *People v. Wilson*, 181 Ill. 2d 409 (1998), *People v. Williams*, 179 Ill. 2d 331 (1997), *People v. Didier*, 306 Ill. App. 3d 803 (1999), and *People v. Payne*, 294 Ill. App. 3d 254 (1998). All of these cases were decided prior to *Diaz*, and *Diaz* specifically limited the holdings in *Wilson* and *Williams*. In those cases, the court held that a defendant can challenge her sentence without first moving to withdraw her guilty plea when she claims that her sentence is void because it does not conform with the sentencing provisions of the Unified Code of Corrections. See *Diaz*, 192 Ill. 2d at 226. However, defendant's motion herein did not allege that her sentence was void; it only made the blanket statement that the trial court erred by violating unnamed statutory requirements in sentencing defendant to natural life. In light of *Diaz*, we conclude that defendant was required to move to withdraw her guilty plea. As she failed to do so, the trial court did not err in dismissing her motion to reconsider sentence.

■ Defendant next contends that her prosecution for the charge of attempted murder is barred by double jeopardy. According to defendant, the State included a description of the facts surrounding the attempted murder charge when it provided the factual basis for defendant's guilty plea to the murder charge and used those facts as aggravating evidence at the sentencing hearing on the murder charge. Thus, according to defendant, allowing the attempted murder case to go forward would allow for the relitigation of issues already decided. We disagree.

The protections against double jeopardy are triggered only after a defendant has been subjected to the hazards of trial and possible

conviction. *People v. Daniels*, 187 Ill. 2d 301, 309-10 (1999). Jeopardy attaches (1) in a jury trial, when the jury is empaneled and sworn; (2) in a bench trial, when the first witness is sworn and the trial judge begins to hear evidence; and (3) in a guilty plea, when the guilty plea is accepted by the judge. *People v. Bellmyer*, 323 Ill. App. 3d 269, 275-76 (2001). Clearly, none of these events occurred as related to the attempted murder charge. This fact is made abundantly clear by the following colloquy, which took place at the entry of defendant's plea of guilty to the murder charge:

"THE COURT: Ms. Jones, do you understand that are [*sic*] as this mornings [*sic*] agreement there is absolutely no agreement as to 98 CF 399 alleging attempt murder other than this. If their case will be continued by agreement until a date after the final disposition of 98 CF 1701, Count 1; is that correct?

MR. FLEMING [defense counsel]: Yes, Judge.

THE COURT: And you understand that in the event that you were ultimately tried and convicted and sentenced on 98 CF 399, any sentence would be served consecutive [*sic*] to the sentence imposed in 98 CF 1701. Ms. Jones, do you understand that?

MS. JONES: Yes."

The attempted murder charge was continued by agreement and not part of the plea that was entered on the murder charge.

Defendant also argues that the attempted murder charge was already proved because she stipulated to the facts comprising the attempted murder charge. According to defendant, she admitted her guilt to the charge by stipulating to the factual basis and would be precluded from attacking those facts in a subsequent trial.

It is true that the State's factual basis recited the events of the attempted murder of February 1998. However, defendant's stipulation to the factual basis was not an admission of guilt, as is shown by the following colloquy:

"THE COURT: Mr. Fleming, would you stipulate if called to testify that that's what the [S]tate's witnesses would testify to and that is what the evidence would show?

MR. FLEMING: We would stipulate that the states [*sic*] witnesses would testify in that fashion. My client, I had for the record I had given my client a copy of this statement of facts. She had an opportunity to review it and she disputed the truthfulness of the [*sic*] some of the collateral issues. We would testify [*sic*] that the witnesses would testify in that fashion. I don't think any cross examination of these witnesses would change any of the facts supporting the element of the offense ***."

Defendant's stipulation was only that the witnesses would testify in the manner described by the State, not to the truthfulness of that

testimony. Defendant did not admit her guilt to the attempted murder charge when she stipulated to the factual basis for her plea in the murder case. She was never subjected to the hazards of a trial and possible conviction of the attempted murder charge. Therefore, the State is not precluded from proceeding on the charge of attempted murder in case No. 98—CF—399.

For these reasons, the judgments of the circuit court of Du Page County are affirmed.

Affirmed.

McLAREN and BYRNE, JJ., concur.