In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 05-1238

LAWRENCE WHITE,

*Petitioner-Appellant*,

*v.*

DEIRDRE BATTAGLIA, Warden,

*Respondent-Appellee*.

———————————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 1897—**Harry D. Leinenweber**, *Judge*.

———————————

ARGUED FEBRUARY 10, 2006—DECIDED JULY 21, 2006

———————————

Before POSNER, RIPPLE, and KANNE, *Circuit Judges*.

POSNER, *Circuit Judge*. In 1996 Lawrence White pleaded guilty in an Illinois state court to first-degree murder. At a hearing to determine whether he could be sentenced to death, the judge found that White, who had waived his right to have a jury answer that question, could be because he was guilty of felony murder. The judge decided not to sentence him to death, however, but instead to 80 years in prison. Under Illinois law in 1996, the maximum sentence for first-degree murder was 60 years unless, so far as bears on this case, "the offense was accompanied by exceptionally brutal or heinous behavior indicative of

wanton cruelty." 730 ILCS 5/5-5-3.2(b)(2); see 730 ILCS 5/5-8-2(a)(1). A finding of such behavior authorized the judge to increase the defendant's sentence by up to 40 more years.

The finding was made by the judge; after exhausting his state remedies, White sought federal habeas corpus, contending that *Apprendi v. New Jersey*, 530 U.S. 466, 475-76 (2000), entitled him to have a jury determine whether the murder was indeed "accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." The district judge agreed but thought the error harmless, and White appeals. Even though he did not seek federal habeas corpus until 2003—long after he pleaded guilty in 1996—his suit is timely because the challenges to his sentence that he mounted in the Illinois state courts were not resolved until four months before he filed his habeas corpus action. And while *Apprendi* is not retroactive, *Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002); see *Schriro v. Summerlin*, 542 U.S. 348 (2004), White's sentence was still pending on direct appeal when *Apprendi* was decided.

In deciding to waive a jury at his death-penalty hearing, White was not indicating a preference for having the judge rather than a jury decide whether his behavior had been "exceptionally brutal or heinous behavior indicative of wanton cruelty." That issue arose only after the judge decided not to sentence White to death. The state argues, however, that by pleading guilty to first-degree murder after the judge advised him that he could be sentenced to an extended term if the judge found "certain aggravating circumstances," White waived any claim to have a jury make findings that might affect his sentence.

A guilty plea does not waive challenges to the sentence imposed after the plea is accepted, *United States v. Bjorkman*, 270 F.3d 482, 492 (7th Cir. 2001) (per curiam); *United States*

*v. González-Mercado*, 402 F.3d 294, 301 (1st Cir. 2005)—unless the defendant "consents to judicial factfinding." *Blakely v. Washington*, 542 U.S. 296, 310 (2004); *United States v. Milam*, 443 F.3d 382, 385-88 (4th Cir. 2006); *United States v. Sahlin*, 399 F.3d 27, 32-33 (1st Cir. 2005). But the fact that White pleaded guilty after being told that he could be sentenced to an extended term if the judge found aggravating circumstances was not a waiver of his right to challenge the judge's authority to impose such a sentence. Under Illinois law, he could not have pleaded guilty while reserving the right to make such a challenge, because the law as it then stood required that the finding be made by the judge. 730 ILCS 5/5-5-3.2(b) (1996). What he could have done was challenge the constitutionality of this requirement, and his failure to do so could have been deemed a forfeiture by the Supreme Court of Illinois, which upheld the sentence. But that court did not rule the failure a forfeiture; and so we come to the merits.

White argues that he could not have been sentenced to more than 60 years had it not been for the sentencing judge's finding that the murder had been accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. That is not correct. He had agreed that the judge rather than a jury would determine whether he was eligible for the death penalty. The judge found he was eligible; and that finding authorized a sentence of anywhere from 20 years to life if no death sentence was imposed. 730 ILCS 5/5-8-1(a)(1)(a), (b). The "brutal or heinous" enhancement applies to first-degree murder rather than to capital murder, as one cannot meaningfully add years to a sentence of natural life. As the Supreme Court of Illinois explained in a case materially identical to this one, "the trial court's subsequent finding that the murder 'was accompanied by exceptionally brutal or heinous behavior

indicative of wanton cruelty' did nothing to increase the penalty that defendant was facing. Rather, it simply guided the trial court in fashioning an appropriate sentence that was both specifically authorized by statute and below the prescribed statutory maximum." *People v. Ford*, 761 N.E.2d 735, 739 (Ill. 2001). Since the "brutal and heinous" finding did not increase White's sentence above an otherwise applicable ceiling, *Apprendi* is inapplicable.

AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*