**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170866-U

Order filed December 21, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-17-0866 |
| v. | ) | Circuit No. 17-CF-529 |
| | ) | |
| WILLIE VAIL, | ) | Honorable |
| | ) | Kevin W. Lyons, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Presiding Justice Lytton and Justice McDade concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Defendant had sufficient notice of the State's intent to seek an extended-term sentence. Defendant was not eligible for an extended-term sentence on a lesser Class 3 felony.

¶ 2    Following a jury trial, defendant was convicted of two counts of aggravated battery and received extended-term sentences on both convictions. Defendant challenges the propriety of the extended-term sentences the court imposed.

¶ 3                                    I. BACKGROUND

¶ 4          On June 27, 2017, the State charged defendant by indictment with two counts of

aggravated battery. Count 1 of the indictment charged defendant with aggravated battery as a

Class X felony. Count 1 alleged that on or about May 29, 2017, defendant, a person 18 years of

age or older, in committing a battery without legal justification, knowingly caused great bodily

harm or permanent disability or disfigurement to a child under 13 years of age by scalding the

child with hot water. 720 ILCS 5/12-3.05(b)(1) (West 2016).

¶ 5          Count 2 of the indictment charged defendant with aggravated battery as a Class 3 felony.

Count 2 alleged that on or about May 29, 2017, defendant, a person 18 years of age or older, in

committing a battery without legal justification, knowingly caused bodily harm or disability or

disfigurement to a child under 13 years of age by striking the child. 720 ILCS 5/12-3.05(b)(2)

(West 2016).

¶ 6          On July 11, 2017, the State filed a notice of the State's intention to seek an extended

sentence pursuant to section 111-3(c-5) of the Code of Criminal Procedure of 1963 (the Code).

725 ILCS 5/111-3(c-5) (West 2016). The State's notice to defendant provided as follows:

          "The People will seek a finding at trial that the defendant's actions were

          accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty,

          thereby making the defendant eligible for an extended sentence pursuant to 730 ILCS

          5/5-5-3.2(b)(2)."

¶ 7          On the day of the jury trial, October 30, 2017, the trial court directed the parties' attention

to counts 1 and 2 of the indictment and asked whether either party believed the language of the

indictment should be modified. The parties responded in the negative. Then, the trial court

admonished defendant as follows:

"THE COURT: All right. I'm required to tell you, [defendant], again, what the —
if you were to be found guilty or were to plead guilty without an agreement, what the
sentencing range would be for you upon conviction of either or both counts.

Count 1 is a Class X felony. The typical, conventional range for that, if convicted,
for anyone would be no probation. It would be a sentence to the Department of
Corrections of no less than six years but not more than 30 years, followed by a period of
three years of mandatory supervised release or parole.

However, if the State were to, and they have, file a notice that they wish for the
jury to do a little something extra, then it would subject you to an extended sentence
possibly. That means that if the State files a notice of intent to seek an extended sentence
under certain circumstances, which includes this case, it would make you eligible for an
extended sentence.

And they have filed on July 11 of this year an intent to do that. So at the time that
the jury receives the verdicts to deliberate on, they'll also be given a — provided it goes
as the State hopes, they will be given an interrogatory; in other words, an extra question
to answer.

And the question will be something to the effect of, 'Do you find that the
defendant's,' that's you, 'actions were accompanied by exceptionally brutal or heinous
behavior indicative of wanton cruelty?' If so, then that would make you eligible for an
extended term. Instead of 30 years, it could go up to 60 years.

And this would be day-for-day?"

¶ 8        At the conclusion of defendant's jury trial, the trial court instructed the jury pursuant to
IPI Criminal Nos. 28.01, 28.02, 28.03, and 28.04, which tasked the jury with deciding whether

defendant's actions, as to the aggravated battery charged in count 1, were "accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty," and whether this allegation was proven beyond a reasonable doubt. Illinois Pattern Jury Instructions, Criminal, Nos. 28.01-28.04 (approved July 18, 2014). The jury found defendant guilty of aggravated battery as charged in count 1 and found that the aggravated battery was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty beyond a reasonable doubt. Additionally, the jury found defendant guilty of aggravated battery as charged in count 2.

¶ 9        On November 28, 2017, without challenging the language of the indictment, defendant filed a motion for judgment of acquittal notwithstanding the verdict or for a new trial. On December 13, 2017, the trial court denied defendant's motion and sentenced defendant to serve a 44-year term in the Illinois Department of Corrections on count 1 and a consecutive 6-year term on count 2. On December 18, 2017, defendant filed a motion to reconsider the sentence imposed by the trial court on the grounds that the trial court did not allocate sufficient weight to defendant's mental health issues. The trial court denied defendant's motion to reconsider sentence the same day. Defendant appeals.

¶ 10                              II. ANALYSIS

¶ 11        On appeal, defendant argues that his 44-year extended-term sentence must be vacated because the indictment omitted necessary language alleging the aggravating sentencing consideration, namely, that defendant's actions "were accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." In defendant's opening brief, defendant states as follows: "To be clear, defendant is not challenging the indictment returned by the grand jury. He is challenging an extended-term sentence that was not authorized by the indictment. Specifically, nothing within the four corners of the indictment returned by the grand jury contains the element

4

necessary for the imposition of an extended-term sentence on count I." Defendant acknowledges that he failed to preserve this issue for review and seeks to bypass forfeiture pursuant to plain error. For the reasons stated below, we conclude the trial court did not commit error by imposing an extended-term sentence. Without error, plain error does not apply and forfeiture controls.

¶ 12    At the heart of defendant's argument is the holding in the United States Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* states that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490. Defendant's argument on appeal focuses on *Apprendi's* analysis of the distinction between facts relevant for purposes of conviction as the essential elements of a charged offense and the separate but additional facts relevant to whether an enhanced sentence may be imposed following a conviction. *Id*. at 471-497.

¶ 13    The State argues that despite defendant's formulation of the issue on appeal, defendant is challenging a purportedly flawed indictment. In *People v. Davis*, 205 Ill. 2d 349, 375-76 (2002) and *People v. Davis*, 217 Ill. 2d 472, 479 (2005),[1] our supreme court held that when a charging instrument is attacked for the first time on appeal, it is sufficient that the charging instrument apprised the accused of the precise offense charged with sufficient specificity so as to allow the accused to prepare his or her defense. Our supreme court has held that the challenge to the sufficiency of the charging instrument involves a question of law and is subject to *de novo* review. *People v. Rowell*, 229 Ill. 2d 82, 92 (2008).

¶ 14    *Apprendi* implicitly mandates notice to a defendant in advance of trial and also expressly mandates that the trier of fact must find any fact that increases the penalty for a crime beyond the

_____

[1]The *Davis* cases are unrelated to one another.

prescribed statutory maximum proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. However, *Apprendi* does not dictate that those additional facts, needed to potentially increase the penalty beyond the prescribed statutory maximum, must be incorporated into the charging instrument as defendant suggests in this appeal, such that other forms of advance notice are ineffective. See *People v. Tomasello*, 329 Ill. App. 3d 1053, 1057-58 (2002); See also *People v. Wade*, 2015 IL App (3d) 130780, ¶¶ 23-32.

¶ 15        In fact, our statutory scheme is consistent with the rationale of *Apprendi*. Specifically, section 111-3(c-5) of the Code provides:

> "Notwithstanding any other provision of law, *** if an alleged fact (other than the fact of a prior conviction) is not an element of an offense but is sought to be used to increase the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for the offense, *the alleged fact must be included in the charging instrument or otherwise provided to the defendant through a written notification before trial*, submitted to a trier of fact as an aggravating factor, and proved beyond a reasonable doubt. Failure to prove the fact beyond a reasonable doubt is not a bar to a conviction for commission of the offense, but is a bar to increasing, based on that fact, the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for that offense ***." 725 ILCS 5/111-3(c-5) (West 2016).

¶ 16        In compliance with section 111-3(c-5), the State provided defendant with formal written notice on July 11, 2017, of the State's intent to seek an extended-term sentence based on the brutal and heinous nature of the crime. Defendant received this *written* notification several months *before* defendant's jury trial commenced on October 30, 2017.

¶ 17    In some cases, incorporating the additional brutal and heinous allegations into the charging instrument fulfills the statutory requirements as well as the *Apprendi* considerations. However, we reject the notion that the charging instrument is the only appropriate format, exclusive of all other forms of written notice, that fulfills the requirements of *Apprendi*.

¶ 18    In this case, the record shows an extended-term sentence could be imposed based on the following facts: (1) defendant received written pretrial notice of the State's intent to seek enhanced punishment; (2) the jury found, beyond a reasonable doubt, that the State's evidence established all elements of the charged offense; and (3) the jury found, beyond a reasonable doubt, that the State's evidence established that defendant's actions were accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. Thus, the requirements of section 111-3(c-5), as well as the prerequisite findings mandated by *Apprendi*, have been satisfied. Simply stated, there is no judicial error in this record due to the imposition of an enhanced punishment. Consequently, the plain error argument fails and forfeiture controls. For these reasons, we affirm defendant's 44-year extended-term sentence on count 1, charging aggravated battery, based on the act of scalding the young victim.

¶ 19    Next defendant argues the extended-term sentence he received on count 2, based on striking the same victim, should be vacated. The State concedes error.

¶ 20    Generally, defendants who are convicted of multiple offenses may be sentenced to an extended term only on offenses that are within the most serious class. *People v. Jordan*, 103 Ill. 2d 192, 205-06 (1984). We agree that structural error is present and supports the State's concession of error. See *People v. Mitok,* 2018 IL App (3d) 160743, ¶¶ 7-13.

¶ 21    In the interest of judicial economy, the State proposes that this court reduce defendant's sentence from six years to five years, the maximum nonextended term allowable for a Class 3

felony (2-5 years). 720 ILCS 5/12-3.05(h) (West 2016); 730 ILCS 5/5-4.5-40(a) (West 2016). Defendant has not objected to this approach in his reply brief. Therefore, pursuant to the authority afforded to this court under Illinois Supreme Court Rule 615(b)(4), we reduce the extended six-year sentence imposed by the trial court on count 2 to five years, the maximum nonextended term sentence available. Ill. S. Ct. R. 615(b)(4) (eff. Jan. 1, 1967).

¶ 22                                    III. CONCLUSION

¶ 23          The judgment of the circuit court of Peoria County is affirmed as modified.

¶ 24          Affirmed as modified.